### L. G. DAVIS v. GOLDBERG & SMITH.

#### No. 2759.

1. **Tenant's Growing Crop Sold Under Execution.**—A purchaser of a grow-
ing cotton crop at execution sale (the crop having been made by a tenant who besides
the landlord's lien had mortgaged the crop) takes the crop with the right to enter the
premises, gather and market the crop; the net proceeds, however, subject first to the
landlord's lien and next to the mortgage.

2. **Rights of Purchaser of Tenant's Crop.**—Such purchaser, while he has the
right to gather such crop, is under no obligation to the lien holders to do so.

3. **Liability of Such Purchaser.**—His liability is the net proceeds of said crop,
and to the lien holders in order of priority.

4. **Parties.**—In suit against the purchaser by the landlord having an unsatisfied
judgment for rent, the junior mortgagees were proper parties, although they had a
suit pending against the purchaser for conversion of same crop.

5. **Extent of Liability of Such Purchaser.**—The purchaser having paid the
net proceeds of the crop upon the landlord's lien was not further liable to the junior
lien holders.

APPEAL from Camp. Tried below before Hon. John L. Sheppard.
The opinion states the case.

*E. A. King,* for appellant.

*John J. Offiel,* for appellees, cited 2 White & Willson, secs. 528, 529, 249, 409, 413, 414; Jones Chat. Mort., 2 ed., secs. 555, 560, 444, 448, 490; Foster v. Wells, 4 Texas, 101; Pillow v. Elliot, 25 Texas Supp., 322.

HENRY, ASSOCIATE JUSTICE.—Appellees sued appellant in a Justice Court upon a cause of action described as:

"For the product of 17 acres of cotton produced during the year 1887, by Sherman Hill, on the farm of J. W. Crow, in Camp County, mortgaged by Hill to plaintiffs."

A. T. Diamond & Co., creditors of Hill, recovered a personal judgment against him, upon which they sued out execution, and before this suit was brought caused the execution to be levied upon said seventeen acres of cotton, then unpicked in the field, as expressed by the constable's return of the execution, "Subject to landlord's lien."

Appellant caused the cotton to be picked, paying the expenses of gathering and marketing it, and sold it with another lot of cotton, the two lots together netting thirty-six dollars. Appellant testified that only half of said cotton was off of the seventeen acres belonging to Hill.

Afterwards Crow, the landlord, in the assertion of his landlord's lien, for a balance for which his tenant Hill remained indebted to him, after exhausting all of his other property subject to his lien or to execution, sued appellant Davis for conversion of the cotton, and in the same suit joined appellees Goldberg & Smith, who claimed a chattel mortgage from Hill on the same cotton.

Goldberg & Smith appeared and pleaded that they should not be held to answer, because they had this suit pending against Davis for the conversion of the same cotton.

The court rendered judgment against Davis in favor of Crow for eighteen dollars—dismissing as to Goldberg & Smith on the ground that they were not liable to Crow. Davis paid the judgment recovered against him by Crow.

On the trial of the cause before us Goldberg & Smith recovered of appellant Davis for the conversion of the same property the sum of $47.83. It is contended that this judgment is unsupported by the evidence.

There is evidence in the record going to show that there was more cotton on the seventeen acres of land at the time it was purchased by Davis under the Diamond execution than was gathered by him, and that the remainder was depredated upon by stock and wasted.

It is beyond controversy that Davis bought at execution sale, subject to the landlord's (Crow's) superior lien. Such a purchase, while it conferred upon him the right to do so, did not bind him to gather and market the

cotton either for the benefit of Crow, the landlord, or Goldberg & Smith, the holders of the chattel mortgage.

We do not find in the record any evidence that he took exclusive possession of the field. Goldberg & Smith's lien was inferior to that of Crow, the landlord, and before they were entitled to a judgment for any sum against Davis it was necessary for them to show that there was in his hands a balance of the net proceeds of the cotton gathered by him after paying the landlord's judgment. It was the right of Davis, as the result of his purchase of the tenant Hill's title, to gather the cotton, and he was responsible to the lien holders, in the order of their priority, for the value of what he gathered and appropriated, after allowing him the necessary expenses of making it ready for market.

It was quite proper for appellees to be made parties to the suit brought by the landlord Crow against appellant to establish his landlord's lien on the cotton in controversy. The fact that appellees had this suit against appellant alone to enforce their junior lien, in which suit Crow's rights could not be determined, because he was not made a party, was no reason why they should not have litigated the matter in the cause where all the parties were before the court, or abide the result of that suit as between Crow and Davis.

In the suit brought by Crow his judgment against appellant for eighteen dollars was not, we are led to believe from the record, rendered for that sum because that was the full amount of his debt against Hill, but because it was the full value of the cotton converted by appellant. If that is the truth of the matter, then appellant, having accounted for the full value of the cotton converted by him to the landlord as the superior lien holder, was not liable to be held to account for it a second time to plaintiffs, even if they did hold a valid junior encumbrance on it.

The judgment will be reversed and here rendered that plaintiffs take nothing by their suit and that defendant recover all costs of suit in this court and in the courts below.

*Reversed and rendered.*

Delivered November 5, 1889.