## WINFIELD SCOTT v. C. C. SLAUGHTER.

### Decided April 16, 1904.

**1.—Lease of School Lands—Assignment—Consideration.**

Defendant assigned and transferred to plaintiff a consolidated lease of certain State school lands which was void as to the greater part of the lands because made by the Land Commissioner for a longer period than the unexpired constituent leases. Held, that as the constituent leases remained in force despite their unauthorized cancellation because of the consolidated lease, a plea of failure of consideration for the assignment of the consolidated lease was not tenable, the defendant transferring the actual possession of the lands at the time the lease was assigned.

**2.—Same—Abatement of Price—No Covenants of Warranty.**

The quitclaim by which the assignment and transfer of the lease was made being without covenant of warranty, there could be no abatement of the purchase money for a partial failure of title.

**3.—Same—Assent of Lessor to Assignment of Lease.**

The assignee of the lease could not, in order to avoid his contract, set up the want of the State's consent to the assignment, since that did not render the assignment void, but only voidable, and the State having sought no forfeiture of the lease on that ground, the want of its consent to the assignment was not to be inferred in order to thus practically work a forfeiture of the lessee's rights.

**4.—Same—Contract—Mistake of Law Not Ground for Recovery Back of Price.**

Where money was voluntarily paid under a mutual mistake of law as to the validity of the consolidated lease, such mistake in and of itself afforded no ground for recovering back the money.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Matlock, Miller & Dycus, Muse & Allen,* and *Capps & Canty,* for appellant.

*K. R. Craig* and *G. G. Wright,* for appellee.

BOOKHOUT, Associate Justice.—This suit was instituted by the appellant in the District Court of the Forty-fourth Judicial District of Texas to recover of appellee amounts aggregating $20,000, with interest thereon paid to appellee by the appellant on September 25, 1900, for the transfer to appellant by the appellee of the unexpired term of a leasehold estate for ten years from March 1, 1900, of a certain 92,040 acres of public school land in Gaines and Andrews counties in the State of Texas and to cancel a certain promissory note given by appellant to appellee on January 1, 1901, and due January 1, 1903, in part payment for the transfer of said lease, and for $1325.69, belonging to appellant, which was withdrawn by appellee from the treasury of Texas without the consent of appellant.

The case was tried before the court on May 1, 1903, without the intervention of a jury, upon an agreed statment of facts made out and signed by counsel for the parties in accordance with the provisions of article 1293, Revised Statutes. Upon said agreed statement of facts, judgment was rendered in favor of appellant for the sum of $1378.71,

being the amount of money belonging to the plaintiff which was withdrawn from the treasury of the State of Texas, with interest thereon from the date of such withdrawal, to wit, September 1, 1902, to the date of trial; and against appellant on his demand against appellee for the sums of money paid for said transfer of lease. Plaintiff appealed. The facts sufficiently appear in the opinion.

*Opinion.*—It is contended by the appellant that the transfer of September 25, 1900, by appellee to appellant, of the unexpired leasehold interest in the lands in controversy, was ineffectual for that purpose, for the reason that said lands were at the time a part of the vacant unappropriated public domain, set apart for the benefit of the public free schools of the State, and could not and did not afford a consideration for the payment or promise of payment of money; and hence the moneys paid to appellee by appellant were paid without consideration. It is admitted that the lands at the time of the transfer to appellant were a part of the public domain of the State of Texas, set apart for the benefit of its public free schools, and consisted of 92,040 acres. These lands, except 9600 acres, were, on the 25th day of April, 1900, held by the appellee under valid lease contracts made with the State, which leases were in good standing. On that day the Commissioner of the General Land Office executed to appellee a lease known as consolidated lease No. 30,561, which comprised all the land embraced in the several constituent leases, and in addition thereto 9600 acres. Upon the execution of the consolidated lease the constituent leases were by agreement of appellee and said Commissioner annulled and canceled. On September 25, 1900, appellee transferred and assigned the consolidated lease No. 30,561 by quitclaim to appellant. The consideration was $25,000, of which $5000 was paid in cash and the execution of four promissory notes, each of $5000, dated January 1, 1902, maturing six, twelve, eighteen and twenty-four months respectively after date and drawing 7 per cent per annum interest. Three of these notes have been paid by appellant. The several constituent leases would by their terms, if the annual rental was paid within sixty days after falling due, have expired on the following dates: The Zinn lease for 30,400 acres, July 12, 1903; lease No. 18,755, for 5100 acres, May 2, 1902; lease No. 20,951, for 8320 acres, November 19, 1902; lease No. 28,007, for 1600 acres, December 27, 1902; lease No. 22,042, for 12,800 acres, January 20, 1903; the Stephens lease No. 24,234, for 22,400 acres, July 2, 1903; lease No. 24,495, for 12,800 acres, July 2, 1903. The lease No. 30,561, called consolidated lease, was an original and valid lease for 9600 acres.

In the case of Ketner v. Rogan, 95 Texas, 559, the consolidated lease as to all the land embraced therein, except the 9600 acres, was held void in that the Commissioner of the General Land Office did not have the power to make the same. It is argued that the effect of this holding is that the land included in said consolidated lease, except the 9600 acres, was at the time of the transfer to appellant by appellee

a part of the public domain of the State and did not furnish a subject matter for the payment of the money and notes stipulated in such transfer, and hence falls within the rule announced in Lamb v. James, 87 Texas, 485, as construed in Rayner Cattle Co. v. Bedford, 91 Texas, 646. In those cases nothing was conveyed by the transfer, all the land attempted to be conveyed being at the time a part of the public domain.

In the instant case, it is admitted that the constituent leases were all in good standing at the date of the consolidated lease, April 25, 1900. The annual rental was three cents per acre, under all the leases, including the consolidated lease. The appellee paid the State the annual rentals to become due under the consolidated lease for a year in advance on the day of its date.

It would seem that the several constituent leases being in good standing, and the rentals under the consolidated lease being the same as the several constituent leases, the payments made on the void consolidated lease should be applied to the constituent leases, thereby keeping them alive and in force. It was thus stated in Ketner v. Rogan, that the Commissioner of the General Land Office has no power "to cancel an existing lease, except for the nonpayment of rent." The canceling then of the constituent leases by the Commissioner upon the execution of the consolidated lease was without authority.

Again, it is conceded that at the time of the transfer to appellant the consolidated lease for 9600 acres was valid and in full force. It is further shown that the transfer included "all improvements, consisting of windmills, wells, tanks, troughs, corrals, houses and fences." It is fairly inferable from the facts that appellee was in possession of the lands, and that upon his transfer to appellant possession was delivered to him. Thus it is seen that there was a legal subject matter for the contract. The transfer was not without a valid consideration. The most that can be said is that there has been a partial failure of consideration. The conveyance from Slaughter to Scott is, "all my right, title and interest in and to a certain leasehold," * * * and further expressly states the intention as being "to vest in said Winfield Scott such right, title and interest as I now own." The conveyance being without covenant of warranty, there could be no abatement of the purchase money for a partial failure of title. Johnson v. Blum, 28 Texas Civ. App., 10, 66 S. W. Rep., 461; 2 Dev. on Deeds, sec. 957; 3 Wash. on Real Prop., 6 ed., sec. 2239; Tied. on Real Prop., sec. 849; 1 Sug. on Vend., 8 Am. ed., p. 383, sec. 26; 2 Sug. on Vend., 8 Am. ed., p. 193, sec. 6.

It is insisted that the transfer of a lease is void unless the landlord consents to the same. The record fails to show that the Commissioner of the General Land Office consented to the transfer of the lease by Slaughter to Scott. It is not shown that he did not consent, there being no evidence either way on this question. Such being the condition of the record, we are of the opinion that a want of consent should not be inferred, for the purpose of basing a forfeiture of the lease

thereon. The Commissioner of the General Land Office did not claim a forfeiture on this ground. The ground for canceling and annulling the constituent leases was the making of the consolidated lease of April 25, 1900, for a longer period than the unexpired term of the original leases.

Again, the assignment of a lease by a tenant without the assent of the landlord is not void, but voidable at the option of the landlord. He may claim a forfeiture or waive it. Gulf C. & S. F. Ry. Co. v. Settegast, 79 Texas, 256; Wildey Lodge I. O. O. F. v. City of Paris, 31 Texas Civ. App., 632, 73 S. W. Rep., 69. The Commissioner of the General Land Office not having claimed a forfeiture of the lease on this ground, the appellant could not set up the want of consent of the State to the transfer to appellant for the purpose of defeating his contract.

Appellant, under his second and third assignments of error, presents the proposition that "money paid with full knowledge of all the facts, but under a clear mistake of law, may be recovered back in an action for money had and received." The case of Culbreath v. Culbreath, 7 Ga., 64, 50 Am. Dec., 375, is cited in support of this contention. This case is in point and fairly supports the proposition. We are of opinion, however, that such is not the law in this State. In the case of Galveston County v. Gorham, 49 Texas, 303, it was said: "When money is paid under a mutual mistake of law, the mistake of law, in and of itself, is no ground for recovering it back. All persons are equally presumed to know the law, and in such case both parties are equally at fault, and equally innocent of wrong done. To admit ignorance of law to be legally recognized as a fact sufficient in itelf to pervert the will of the parties doing the act, so that it should be said and held that the will did not concur with the act done, thereby relieving him from the responsibility for and the consequences of the act, would render the administration of the law impracticable."

In the case of Pitts v. Elser, 87 Texas, 347, it is laid down that, "Where money is voluntarily paid with full knowledge of all the facts, it can not be recovered, although it may have been paid upon a void demand, or upon a claim which had no foundation in fact. Taylor v. Hall, 71 Texas, 216, 9 S. W. Rep., 141; Gould v. McFall, 118 Pa. St., 455, 12 Atl. Rep., 336, 4 Am. St. Rep., 606. This proposition is too well settled to require further citation of authorities." See, also, Gillam v. Alford, 69 Texas, 271; Moreland v. Atchison, 19 Texas, 308; Pomeroy's Eq., sec. 851.

In the case under discussion there was no fraud or deceit or mistake of fact. At the time of the transfer both parties supposed the consolidated lease, as to the constituent leases, was valid. In this they were mistaken, but such mistake in itself furnishes no ground for recovery by appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*