## CLIFTON & WADKINS v. ROYSE COTTON OIL COMPANY.

### Decided April 26, 1905.

**Non Est Factum—Burden of Proof.**

In a suit on a partnership note which defendant by verified plea alleged to have been executed by his former partner in the firm name after dissolution of the partnership, it was error to charge that the burden of establishing his defense was on the defendant.

Appeal from the County Court of Rockwall County. Tried below before Hon. E. D. Foree.

*Abernathy & Abernathy,* for appellant.

No briefs were on file for appellee.

KEY, ASSOCIATE, JUSTICE.—Appellee brought this suit to recover from Clifton & Wadkins a sum of money paid by appellee as surety for Clifton & Wadkins. Clifton made no defense. Wadkins answered under oath, alleging that at the time the note was executed, and the appellee became surety thereon, the partnership between himself and Clifton had been dissolved; that he did not sign the note, nor authorize Clifton to sign it for him, and that the consideration therefor was not received by him or by the firm of Clifton & Wadkins.

There was a jury trial, resulting in a verdict for the plaintiff, and the defendant Wadkins has appealed.

In submitting the case to the jury, the trial judge, after stating in his charge the nature of plaintiff's suit, stated that the defendant Wadkins had filed a general denial, and a plea averring that he had not authorized Clifton to execute the note; that at the time the note was executed he was not a partner of Clifton's and that the consideration given for the note was not used in any partnership with which he was connected. The undisputed testimony shows that the name of Clifton & Wadkins signed to the note, was placed there by Clifton and not by Wadkins. Prior to that time they were partners. The partnership was dissolved during the same month that the note was executed, but whether the dissolution occurred before or after the making of the note is a question upon which there was a conflict of testimony.

On the burden of proof the trial judge instructed the jury that the burden of proof was on the plaintiff to establish its case by a preponderance of the testimony, and on the defendant to establish its defense by a preponderance of the evidence. The latter part of this charge is assigned as error, and we sustain the assignment. The defendant having by verified answer denied the existence of the partnership alleged by the plaintiff, and pleaded *non est factum,* the burden of proof did not rest upon him, but upon the plaintiff on those issues. The charge of the court on the subject referred to was misleading and erroneous.

On the other questions presented in appellant's brief, we rule against him; but on account of the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*