POPHAM et al. v. WRIGHT.  (No. 1228.)

(Court of Civil Appeals of Texas. El Paso.
March 10, 1921.)

**1. Injunction** ⬀5—**Joint adventures** ⬀4(1)
—**Mandatory injunction proper to compel removal of cattle in excess of those which defendant's land, inclosed with plaintiffs' land, would support.**

Where plaintiffs and defendant both owned or leased land within an inclosed pasture, defendant was entitled to keep such number of cattle in the pasture as the acreage controlled by him was capable of sustaining and no more, and where he had more than the court found his land would sustain, plaintiffs were entitled to a mandatory injunction for their removal, though other persons also had lands within the inclosure.

**2. Injunction** ⬀36(1)—**Right of plaintiffs to have defendant's cattle removed from inclosure held not doubtful so as to justify denial of mandatory injunction.**

Where defendant, leasing certain land in an inclosed pasture in which plaintiffs also owned and leased land, obtained permission from plaintiffs to occupy certain lands and graze cattle thereon, agreeing to remove all of the cattle not later than a specified time, but failing to do so, plaintiffs' right to have the cattle in excess of those which defendant's own land would sustain removed was not doubtful so as to justify the denial of a mandatory injunction in view of Rev. Civ. St. art. 4643, providing that writs of injunction may be granted where the party applying therefor is entitled to the relief demanded.

**3. Injunction** ⬀23—**Mandatory injunction for removal of cattle not denied because of season.**

Where defendant in August, 1919, obtained permission from plaintiffs to graze cattle on lands within an inclosure, and agreed to remove all of the cattle not later than May 20, 1920, and the defendant has had all seasons of the year in which to remove the cattle, but still refuses to do so until compelled to, a mandatory injunction will not be denied on the ground that it would be inequitabe to require their removal in the winter season, as it appears that he is willfully and fraudulently retaining possession.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Action by F. W. Popham and another against C. G. Wright. From a judgment granting insufficient relief, plaintiffs appeal. Reversed, reformed, and rendered.

Ben Palmer, of Pecos, for appellants.
Hudson & Starley, of Pecos, for appellee.

HARPER, C. J.  F. W. Popham and Mrs. Elizabeth Popham prosecute this action against C. G. Wright for damages and for a mandatory injunction, and for cause of action allege that they are the present owners

of the "U pasture," containing 114 sections owned and under lease by them, fenced, and used by them for pasturing cattle and horses; that on the 4th day of August, 1919, defendant entered into a contract with the then executors of the estate of Al Popham, deceased, to pasture certain cattle and horses in said pasture until May 1, 1920, at a charge of 20 cents per head per month; that by said contract defendant bound himself to remove all cattle and horses from said pasture not later than May 1, 1920, which agreement he violated, kept them in there and is still keeping them in there, and refuses to remove them; prayed for a temporary and mandatory writ of injunction requiring the defendant to remove the stock, and upon final hearing the writ be made final and for damages for use of the pasture.

Upon the petition being presented to the district judge, the application for writ was set down for hearing, at which the defendant answered by general denial, and specially answered that he had a lease on 4,000 acres of land within the U pasture; that he was the owner of 160 head of grown cattle, 120 calves, and 45 horses; and that there was plenty of grass and water upon said lands so leased by him inside of said pasture to properly care for said stock, etc.

Upon hearing the court granted the writ requiring certain vicious stallions to be removed and denied it in all other respects, from which this appeal.

The undisputed evidence shows that the plaintiffs own and lease something over 100 sections of land, the greatest number testified to is 134 sections, all under fence inclosed. Within these fences are about 20 sections leased or owned by other persons not parties to this suit; by lease contract defendant, Wright, now controls 6 sections which are inclosed therein, and that prior to and on August 4, 1919, he had under lease certain land belonging to Ikens inclosed therein, also certain cattle; his lease from Ikens expired November 1, 1919; that on said August 4, 1919, he entered into a contract with the executors of the estate of Al Popham, deceased, whereby he was granted permission to occupy certain lands within this pasture and to graze cattle therein for 20 cents per head per month, up to May 1, 1920; defendant by this writing agreed and bound himself to remove all of his said cattle from the pasture not later than said May 20, 1920; that defendant breached his said contract by failing and refusing to remove his said cattle or any part of them; that defendant at the time of the hearing had inside the pasture 152 cows, 132 calves, 10 yearlings, and about 50 horses; that he has no water upon any of the lands leased by him. The greatest number of cattle which this land would support the year round was 30 head to the section. The court

found that it would support 45 head to the section until spring, and there is evidence to this effect.

The appellants have briefed a number of assignments, but the only one which we think requires a specific ruling is: Did the court err under the above facts in refusing to grant the temporary mandatory injunction?

[1] The appellee is entitled to keep such number of cattle in the appellants' pasture as the acreage controlled by him is capable of sustaining, and no more. Lyons v. Slaughter, 87 S. W. 182; Lazarus v. Phelps, 152 U. S. 84, 14 Sup. Ct. 477, 38 L. Ed. 363; Strait Bros. v. Chaney, 209 S. W. 219. The evidence shows that he had at the time of the hearing 344 head of cattle and horses. The court found that at the time the lands would sustain 45 head to the section, or 270 head; therefore he had 74 head more in the inclosure than he had any right to pasture, and which number the appellants have the lawful right to the process of the court to remove. And the fact that other persons had lands within the same inclosure being used by them would be no reason for denying the writ.

[2] Appellee invokes the rule that the granting of a temporary mandatory writ of injunction is as a rule a matter of discretion with the trial court, and its decrees granting or refusing the writ will not be set aside unless from all the record it appears to be manifestly wrong. Knight v. Durham, 136 S. W. 591.

Rev. Civ. Stat. 4643 provides that writs of injunction may be granted "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant."

The purpose of this suit is twofold, to recover damages for grass and water consumed by the cattle of defendant in the pasture in excess of the number which his land was capable of sustaining, and to remove such excess cattle therefrom.

Defendant, at least to the extent of the excess, is violating his express contract to remove these cattle from this pasture, and the evidence shows no lawful right to remain in nor suggests any excuse legal or equitable for their presence in the pasture. So the rights of the parties here are not doubtful.

[3] The court found that it would be inequitable to require appellee to remove his stock at this season of the year on account of the hazards. The testimony is all to the effect that winter is the best time to move them; besides he contracted, in consideration of being permitted to remain upon the premises, to remove them by the 1st of May, 1920, so he has now had all the seasons of the year to acquire other pastures and to remove them in, and now says he will not remove them until compelled to, showing clearly that he is willfully and fraudulently retaining possession of appellants' premises to the extent above indicated without any pretense of right. So we conclude that the appellant is entitled to the writ as a matter of right, removing at this time 74 head of the cattle.

Reversed and reformed, and, as reformed, rendered, as indicated.