DOWNING et al. v. TEXAS CO.　(No. 1398.)*

(Court of Civil Appeals of Texas.　El Paso.
March 16, 1922.　Rehearing Denied
April 13, 1922.)

**1. Payment** 82(3) —**In absence of fraud,
held that money voluntarily paid could not
be recovered back.**

Where plaintiff gave defendant company an
oil, gas, and mineral lease, and prior to its ex-
piration, plaintiff and wife, by a mineral deed,
granted to others a one-fourth undivided inter-
est in and to the same minerals, grantees
knowing of the lease, and the defendant, with-
out knowledge of the deed, procured from
plaintiffs a lease extension, and plaintiff paid
one-fourth consideration therefor to the gran-
tees in the mineral deed, and subsequently the
defendant lessee paid such grantees for a
ratification agreement and sought to recover the
money, *held* that, no fraud being shown, the
lessee was not entitled to recover back money
voluntarily paid.

**2. Corporations** 410—**Authority of em-
ployee to make a voluntary payment for a
corporation under instructions from its gen-
eral superintendent not to be questioned by it.**

The authority of an employee to make a
voluntary payment for a corporation to pur-
chase something which vendors did not own,
and could not sell, cannot be questioned by it
where he did it under instructions from its gen-
eral superintendent.

**3. Corporations** 513(4)—**Authority to act
for corporation not to be questioned where
pleadings raise no issue with respect thereto.**

The authority of one who acted for a cor-
poration, suing to avoid liability on account
thereof, cannot be questioned by it where the
pleadings raise no issue with respect thereto.

Appeal from District Court, Stephens
County; G. O. Bateman, Judge.

Suit by Geo. P. Neill against the Texas
Company in which the defendant, by plea in
reconvention, sought to recover against T. A.
Downing and others for money paid.　Judg-
ment for plaintiff against the defendant
company, and that the defendant company
take nothing in its cross-bill' against the
plaintiff, and granting the defendants a re-
covery of $1,000, with interest, against
Downing and others in reconvention, and
the latter appeal.　Judgment for defendant
Texas Company against Downing and others
reversed and rendered, and in other respects
judgment affirmed.

D. T. Bowles and John F. Evans, both of
Breckenridge, for appellants.

H. S. Garrett, of Fort Worth, and. Boyn-
ton, Caton & Sleeper, of Breckenridge (E. B.
Parker, of New York City, and R. A. John,
of Houston, of counsel), for appellee.

HIGGINS, J.　Geo. P. Neill sued the Tex-
as Company to recover money due upon a

royalty reservation in an oil and gas lease
upon land leased by himself and wife to said
company.　The Texas Company, by plea in
reconvention, sought to recover of Neill the
sum of $1,000 paid by it to T. A. Downing,
J. Q. and Roy Corbett to obtain a "ratifica-
tion agreement," as hereinafter indicated.
The Texas Company by cross-action also
sought to recover of Downing and the Cor-
betts the said sum so paid.

Upon trial without a jury judgment was
rendered in favor of Neill against the Texas
Company as prayed for, that the company
take nothing by its cross-action against Neill,
and that the Texas Company, upon its cross-
action against Downing and the Corbetts, re-
cover the $1,000 sued for with interest.
Downing and the Corbetts appeal.

There is no statement of facts in the rec-
ord.　The trial court's findings of fact are
as follows:

"1. On October 9, 1911, the plaintiff Geo. P.
Neill and wife, Ada Neill, executed and deliv-
ered to defendant the Texas Company, for a
valuable consideration paid them by said de-
fendant, a certain oil, gas, and mineral lease
which was filed for record in the office of the
county clerk of Stephens county, Tex., on
December 8, 1911, and recorded on March 6,
1921, in volume 36 at page 539, of the Deed
Records of Stephens County, Tex., and intro-
duced in evidence on the trial of this cause, on
the following lands in Stephens county, Tex.

"Being known as Sur. No. 2095, T. E. & L.
Co., containing 247 acres of land and described
as follows: Beginning at S. W. cor. of said
Sur. a rk. md. old wit., a P. O. N. 28° W. 3.8
vrs.　Thence N. 1° E. 1,140 vrs. old rk. md.
Thence S. 89½° E. 1,225 vrs. to N. E. Cor.
said Sur.　Thence S. 1° E. 1,140 vrs. to S. E.
Cor. said Sur.　Thence N. 89½° W. 1,225 vrs.
.to beginning, except 100 acres sold by Geo. P.
Neill and wife, Ada Neill, to S. F. Moore
March 2, 1907, and recorded in Deed Records
No. 31, page 1, Stephens county, Tex., and de-
scribed as follows: Beginning at the S. W.
Cor. of said survey a rk. md. old wit., P. O. N.
28° W. 3.8 vrs.　Thence N. 1° E. 461 vrs. to
sta. in N. line of said Sur. No. 2095.　Thence
S. 89½° E. 1,225 vrs. to Sta. in E. B. line of
said Sur. 2095.　Thence S. 1° E. 461 vrs. to
S. E. corner of said Sur.　Thence N. 89½°' W.
1,225 vrs. to the beginning.

"2. On May 2, 1918, plaintiff Geo. P. Neill and
his wife Ada Neill executed and delivered to
defendants T. A. Downing, J. Q. Corbett, and
Roy Corbett, for a valuable consideration paid
them by said defendants, a certain mineral deed
whereby plaintiffs conveyed to said defendants
a one-fourth undivided interest in and to the
minerals of the above-described land as shown
by said mineral deed which was introduced in
evidence on the trial of this .cause.

"3. Said mineral deed last above mentioned
was filed for record in the office of the county
clerk of Stephens county, Tex., on the 11th
day of June, 1918, and was recorded in Book
59, p. 178, of the Deed Records of Stephens
County, Tex.

"4. At and prior to the execution of said min-

eral deed from the plaintiffs to defendants T. A. Downing, J. Q. Corbett, and Roy Corbett said defendants knew of the above-mentioned lease from the plaintiffs to the defendant the Texas Company and that same would expire by its terms October 9, 1918, and anticipated that the Texas Company would seek to have the term of said lease extended from and after said date.

"5. One June 3, 1918, defendant the Texas Company, which had no knowledge or notice, actual or constructive, of the mineral deed from plaintiff and his wife to defendants T. A. Downing, J. Q. Corbett, and Roy Corbett, requested its agent, J. C. Touchstone, to approach plaintiff and his wife and secure from them a one-year extension of said lease to the Texas Company.

"6. Said Touchstone interviewed plaintiff and his wife, and on June 3, 1918, an agreement was reached as to a one-year extension of the lease whereupon on said date plaintiff Geo. P. Neill advised the said agent of the Texas Company of the mineral deed to defendants T. A. Downing, J. Q. Corbett, and Roy Corbett (which was the first notice or knowledge defendant the Texas Company had of said deed) and that he (Neill) was authorized and directed by the said T. A. Downing, J. Q. Corbett and Roy Corbett to grant said extension in his own name to cover their interest, as well as his own, and for them, and to receive the full consideration for said extension, and to pay over to them their one-fourth part thereof as aforesaid.

"7. Said Touchstone believed and relied upon said statements and representations of plaintiff Neill, and thereupon plaintiff Neill and his wife, Ada Neill, executed and delivered to the Texas Company that certain extension agreement dated June 3, 1918, which was introduced in evidence on the trial of this cause, and which was filed for record in the office of the county clerk of Stephens county, Tex., on the 20th day of July, 1918, and recorded in book 60, at page 253, of the Deed Records of Stephens county, Tex., and received and accepted from the Texas Company the sum of $3,250 as consideration for the extension covering both the interest of plaintiff and his wife and that of T. A. Downing, J. Q. Corbett, and Roy Corbett in the land, and the Texas Company received and accepted such extension agreement and paid said consideration on such basis and understanding.

"8. Afterward, and prior to September 28, 1920, the said Geo. P. Neill deposited one-fourth of the said consideration money for the extension agreement, $812.50, to the credit of T. A. Downing in the First National Bank of Breckenridge, Tex., as the consideration moving to T. A. Downing, J. Q. Corbett and Roy Corbett for the extension agreement covering their one-fourth interest in the land (depositing same for convenience in the name of T. A. Downing who had represented himself and the two Corbetts in purchasing said one-fourth mineral interest from the said Neill) and the said Downing, who represented himself and the two Corbetts, drew out said money or a considerable portion thereof prior to September 28, 1920, with full knowledge of the facts.

"9. Subsequent to June 3, 1918, and prior to September 28, 1918, the defendant the Texas Company was informed and in good faith believed that the said Neill was not authorized or directed by the said T. A. Downing, J. Q. Corbett, and Roy Corbett to grant said extension agreement for them, and as covering their interest in the land, and to receive and accept for them their one-fourth part of the extension money, and pay the same over to them, and that they had declined and refused to accept the said one-fourth part of the extension money, or to confirm and ratify the acts of Neill in the premises, and still owned their one-fourth interest in said land and minerals, and the same was not covered by said extension agreement.

"10. Relying upon such information, and without knowledge that defendants T. A. Downing, J. Q. Corbett, and Roy Corbett had authorized and directed the said Neill to so act for them, and had so received and accepted the one-fourth part of the extension money, and being desirous of securing from said T. A. Downing, J. Q. Corbett, and Roy Corbett a lease, extension, or ratification instrument covering their one-fourth interest which the Texas Company understood and believed to be outstanding, the said Texas Company directed one Fowler to purchase from the said T. A. Downing, J. Q. Corbett and Roy Corbett their one-fourth interest which the Texas Company believed they yet owned, and to pay them therefor $1,000.

"11. The said Fowler was not an officer of the Texas Company nor a general agent for it, but was an employee of the Texas Company, whose duties were to do such particular things as he might be directed to do by H. M. Anderson, general superintendent of the North Central Division of the Texas Company, and to act for it only in such respect, and the said Fowler was directed by said Anderson to so purchase the one-fourth interest of defendants T. A. Downing, J. Q. Corbett, and Roy Corbett, he, the said Anderson, in good faith believing, as above set forth, that they had not authorized Neill to act for them, and had not accepted the one-fourth of the extension money and had not ratified Neill's acts, but declined to do so; nor did the Texas Company, or the said Anderson, ever know that Neill was in fact authorized by Downing et al., or that they had accepted the one-fourth of the extension money, or had ratified his acts, until after this suit was filed, which was on the 7th day of August, 1920.

"12. In compliance with his instructions to purchase for the Texas Company the one-fourth interest of the defendants T. A. Downing, J. Q. Corbett and Roy Corbett, which the Texas Company believed to be outstanding, as above stated, he, the said Fowler, on the 28th day of September, 1918, paid to T. A. Downing, J. Q. Corbett, and Roy Corbett the sum of $1,000 as a consideration for the one-fourth interest and the execution and delivery to the Texas Company of their certain deed, lease, or instrument in writing, of date September 28, 1918, which instrument was introduced in evidence on the trial hereof, and is recorded in Book 62, p. 104, Deed Records of Stephens County, Tex., and, before said consideration of $1,000 was paid by the said Fowler to the defendants T. A. Downing, J. Q. Corbett, and Roy Corbett, the said defendants T. A. Down-

ing, J. Q. Corbett, and Roy Corbett stated to the said Fowler that they had already accepted the $821.50 deposited in the First National Bank of Breckenridge, Tex., by the plaintiff Neill.

"13. That thereafter the defendant the Texas Company withheld from the royalty due said Neill May 1, 1920, the sum of $812.50 as representing the one-fourth of the extension agreement.

"14. T. A. Downing, J. Q. Corbett, and Roy Corbett have not repaid to the Texas Company the said $1,000 nor any part thereof."

In brief, the basis of the cross-action of the Texas Company against appellants, as disclosed by its pleading, is as follows:

That, while Neill and wife were in fact authorized by appellants to execute the "extension agreement," and to accept for appellants one-fourth of the consideration therefor paid by the company, and deposit same in bank to their credit, the said appellants thereafter represented to the Company that Neill was not authorized to act for them, and that they (appellants) had refused to accept the money so deposited to their credit in the bank, and required of the company that it pay them $1,000, and, relying upon these representations, which were false, the Texas Company paid said sum for the execution by appellants of the "ratification agreement."

In what seems to be an additional count, the $1,000 was sought to be recovered upon the theory that it was paid without consideration, and because induced by the representations aforesaid, which were falsely and fraudulently made to deceive the company, and which did deceive and defraud it into making said payment.

The cross-action thus based the right to recover back the money upon the ground that it had been paid through false and fraudulent representations made by appellants, and in ignorance by the company of the fact that Neill and wife were authorized to act for appellants, and that appellants had ratified the action of the Neills by accepting the money deposited in bank. But the court's findings do not support these allegations. In the ninth finding it is stated that the company "was informed and in good faith believed," etc. But there is no finding anywhere that the appellants made any representations. The twelfth finding, to the effect that they notified Fowler of their acceptance of the money deposited for them in the bank, and that they so notified Fowler before the $1,000 was paid for the ratification agreement, rebuts the idea of fraud practiced by them.

[1] In Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757, it is said:

"Under this state of facts it becomes necessary to consider the effect of the instrument signed by her on May 29, 1886, for it must be held that she voluntarily put an end to all controversy by a voluntary settlement and payment to appellees of the sum which she now seeks to recover. The rule in such cases is, that 'voluntary settlements are so favored that if a doubt or dispute exists between parties with respect to their rights, and all have the same knowledge or means of obtaining knowledge concerning the circumstances · involving those rights, and there is no fraud, misrepresentation, concealment or other misleading incident, a compromise into which they have voluntarily entered must stand and be enforced, although the final issue may be different from that which was anticipated, and although the disposition made by the parties in their agreement may not be that which the court would have decreed had the controversy been brought before it for decision.' Pomeroy's Equity, 850."

The present case falls within the rule indicated, and, no fraud being shown, the Texas Company is not entitled to recover back the money paid for the ratification agreement. See, also, the following: Taylor v. Hall, 71 Tex. 213, 9 S. W. 141; Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518; Scott v. Slaughter, 35 Tex. Civ. App. 524, 80 S. W. 643.

[2, 3] As to appellees' suggestion that Fowler was a mere employee, and had no authority "to make a voluntary payment to purchase from them something which they did not own and could not sell," we fail to see the force of this suggestion in view of the fact that what Fowler did was. done under instructions from the general superintendent, Anderson. Furthermore, the pleadings in this cross-action raise no issue with respect to Fowler's authority.

The judgment in favor of the Texas Company against T. A. Downing, J. Q. Corbett, and Roy Corbett is reversed and here rendered that the company take nothing.

In all other respects the judgment of the court below is affirmed.