### DODSON v. MOORE et al. (No. 2465.)

(Court of Civil Appeals of Texas. Amarillo. April 22, 1925.)

**1. Landlord and tenant ⬅75(3)—Tenant's assignment of leased premises held voidable at option of landlord.**

Tenant's assignment of leased premises in toto for whole term of lease to another without consent of landlord was in effect an attempted assignment, and voidable at option of landlord, under Vernon's Sayles Ann. Civ. St. 1914, art. 5489.

**2. Landlord and tenant ⬅111—Evidence held to show sufficient declaration of forfeiture of tenant's lease by landlord.**

Where landlord, five days after discovering that tenant had assigned leased premises to another for term of lease, brought suit to replevy crops gathered by such assignee, and by writ of sequestration dispossessed him, it was a sufficient declaration of forfeiture of tenant's interest in premises.

**3. Landlord and tenant ⬅110(1)—Landlord entitled to possession of leased premises on abandonment by tenant.**

Where tenant was moving his household goods off of leased premises which he had assigned to another without landlord's consent when sheriff reached premises with a writ of sequestration, tenant's act was such an abandonment as entitled landlord to take possession.

**4. Landlord and tenant ⬅136—Landlord entitled to recover crops or value thereof sold by tenant without his consent and for purchaser's trespass.**

Where tenant's breach of lease contract by sale of crops to another without consent of landlord and forfeiture declared by landlord terminated all interest which tenant had therein, landlord was entitled to recover crops or value thereof from purchaser, together with

whatever damages proximately resulted by reason of purchaser's trespass.

**5. Landlord and tenant ☞54—Right of landlord to recover damages for tenant's acts not affected by executory contract of sale.**

Right of landlord to recover crops or value thereof sold by tenant to another without his consent was not affected by landlord's executory contract to sell premises to another, where under contract he was to continue as owner, and was not bound to deliver possession of premises until tenant's lease would expire.

Randolph, J., dissenting.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Action by E. P. Dodson against G. A. Moore and others. From the judgment, plaintiff appeals. Reversed and remanded.

D. J. Brookreson, of Benjamin, and Jas. P. Kinnard, of Haskell, for appellant.

J. S. Kendall, of Munday, for appellees.

HALL, C. J. The appellant, Dodson, owned a farm in Knox county which he leased to G. A. Moore for the rental year 1923. Moore went into possession under the lease, and planted 90 acres in cotton, 25 acres in maize, cultivating them until they were laid by. He then headed the maize, leaving the stalks, and these stalks suckered out and made new heads. When the crop was in this condition, on the 1st day of November, 1923, Moore sold his interest in the maize patch to appellee C. R. Elliott, without the knowledge and consent of Dodson. Elliott immediately built a temporary fence upon the premises, separating the cotton from the maize stalks. After the fence was erected, Dodson learned the facts, and went to see each of the appellees. He protested against the assignment by Moore to Elliott, and the use of the premises by Elliott. He was informed by Elliott that the latter was going to turn his mules and horses into the field of maize, which was done. The appellant, Dodson, thereupon declared the rental contract forfeited, and filed this suit for possession of the premises, and had a writ of sequestration issued and placed in the hands of the sheriff on December 4, 1923. When the sheriff arrived at the farm he found the appellee Moore loading his household goods and preparing to move to California, and it was then that Dodson learned for the first time that Elliott had also bought the cotton crop growing on the premises, and had gathered and sold one bale of the cotton. In due time the appellant filed his replevy bond with the sheriff, took possession of the premises, and gathered the cotton.

No question is made as to the sufficiency of the pleadings, and we will not discuss the various items of damages set up by either party. Elliott claimed the property, as the purchaser from Moore, and reconvened for damages for the value of the cotton gathered by Dodson.

A trial before the court, without a jury, resulted in a judgment awarding Dodson the possession of the premises, and giving appellee Elliott judgment against Dodson for the value of the cotton, after deducting one-fourth as rents and the necessary expenses of gathering it.

The substance of appellant's contentions is that the assignment by Moore to Elliott, without appellant's consent, of the maize and cotton was such a breach of the lease as entitled appellant to declare the contract forfeited, and also entitled appellant, after the abandonment by Moore of the premises, to take possession of the farm and harvest the crops. He further insists that Elliott was a trespasser and is liable for all the damages proximately resulting from his illegal act in going into possession of the premises without appellant's consent. We think these contentions are sound and must be sustained.

[1] The court's finding of facts is in part as follows:

"After said crops had become mature and a great portion of same had been gathered, the defendant G. A. Moore, without the knowledge or consent of plaintiff, about the 1st day of November, 1923, sold and assigned to said defendant C. R. Elliott the stalks remaining in the 25-acre maize patch, and said C. R. Elliott, by virtue of said sale, entered into possession of that portion of said premises whereon was situated said maize stalks, and segregated same from other portions of said premises by fences, and, after plaintiff had forbade him to do so, began pasturing of said premises, claiming the right so to do by reason of said sale of said maize stalks; that, after the sale of said maize stalks and segregation of same and before the filing of said suit by plaintiff in this cause, the defendant G. A. Moore, without the knowledge or consent of plaintiff, sold to said defendant C. R. Elliott the ungathered cotton remaining on said premises, and by virtue of same said defendant C. R. Elliott entered upon said premises and began the gathering and removal of said cotton crop therefrom, and gathered one bale of cotton of the market value of $134.75, and sold the same, tendering to the account of plaintiff the one-fourth of the cotton and cotton seed as rent therefor, which the plaintiff refused to accept, and refused to recognize said Elliott as tenant."

These findings are amply supported by the testimony. It is shown by the uncontradicted evidence of Dodson that, for the first time, on November 29th he visited the premises and found that the maize stalks had been sold to Elliott, who had separated that portion of the premises by a fence from the cotton field, and was pasturing it. Dodson further testified that he emphatically pro-

tested against the assignment of the lease and the use of the premises by Elliott, and the record shows that in less than five days he filed this suit to cancel the lease and recover his damages. It appears that, after the suit was filed and the sequestration issued, he learned that the tenant Moore had transferred the cotton crop to Elliott, who had already gathered one bale of cotton before the writ was served. The transfer of the premises in toto for the whole term of the lease was not a sublease, but is, in effect, an attempted assignment which, under Vernon's Sayles' C. S. art. 5489, was voidable at the option of the landlord. It is not contended that Dodson ever assented to the assignment; on the contrary, as found by the court, it was shown that he refused to accept as rent one-fourth of the value of the bale of cotton gathered by Elliott. That the assignment of the lease by Moore is, under the above-mentioned statute, voidable at the option of Dodson is too well settled to require discussion. Matthews v. Whitaker (Tex. Civ. App.) 23 S. W. 538; Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481; Moser v. Tucker, 87 Tex. 94, 26 S. W. 1044; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Brown v. O'Conner (Tex. Civ. App.) 151 S. W. 339; Waggoner v. Snody, 36 Tex. Civ. App. 514, 82 S. W. 355; Gartrell v. State (Tex. Cr. App.) 61 S. W. 487; Gulf, etc., Ry. Co. v. Settegast, 79 Tex. 256, 15 S. W. 228; Tandy v. Fowler (Tex. Civ. App.) 150 S. W. 481; Steger v. Barrett, 58 Tex. Civ. App. 331, 124 S. W. 174; Allen v. Camp (Tex. Civ. App.) 101 S. W. 819; Slaughter v. Coke County, 34 Tex. Civ. App. 598, 79 S. W. 863; Stubblefield v. Jones (Tex. Civ. App.) 230 S. W. 720; Davis v. First National Bank (Tex. Civ. App.) 258 S. W. 241; Calhoun v. Kirkpatrick (Tex. Civ. App.) 155 S. W. 687; Brown v. Pope, 27 Tex. Civ. App. 225, 65 S. W. 43; Hudgins v. Bowes (Tex. Civ. App.) 110 S. W. 178; Waggoner v. Wyatt, 43 Tex. Civ. App. 75, 94 S. W. 1076; Wright v. Henderson (Tex. Civ. App.) 86 S. W. 799.

[2-4] The evidence shows, and the court so found, that as soon as Dodson visited the leased premises and realized the condition existing there he vigorously protested against the assignment of the premises and their use by Elliott. This was on the 29th day of November; five days thereafter he filed this suit, and by writ of sequestration dispossessed Elliott. We think this is, without question, a sufficient declaration of forfeiture. 2 Tiffany L. & T. § 194j; 16 R. C. L. p. 1144, § 665; 35 C. J. p. 1075, § 248; The evidence shows that when the sheriff reached the premises with a writ of sequestration on December 4th the tenant Moore was moving his household goods off the premises and leaving for California. This is such an abandonment as entitled the landlord to take possession. Alsbury v. Linville (Tex. Civ. App.) 214 S. W. 492. Moore's breach of the lease contract by the sale of the crops to Elliott without the consent of the landlord, and the forfeiture declared by Dodson, terminated all interest which Moore had in the crops, and Elliott having purchased, in violation of the statute, could obtain no greater right thereto than Moore could convey by an illegal assignment. Under the facts in this case Dodson is entitled to recover the crops or the value thereof, together with whatever damages proximately resulted by reason of the trespass of Elliott. Since Elliott is a trespasser and cannot be allowed to profit by his own wrong, the trial court erred in rendering a judgment for him in any sum.

[5] It appears from the record that Dodson had entered into an executory contract, the terms of which are not stated, to sell the land to one Burnison; that this contract had been placed in escrow, and the sale was to be consummated on January 1, 1924, at which time Burnison was to have possession of the premises. If under the contract Dodson was to continue as the owner of the premises, and was not bound to deliver possession until January 1st, his right to recover whatever damages the law would award him is not affected by the executory contract of sale.

For the error stated, the judgment is reversed and the cause is remanded.

RANDOLPH, J. (dissenting). I cannot agree with my associates in the disposition of the appeal in this case. Dodson, the owner of a farm, leased it for one year to G. A. Moore for farming operations only. Moore went into possession of the farm and planted 90 acres in cotton and 25 acres in maize. Moore headed the maize, leaving the stalks, and on or about November 20, 1923, sold his interest in the maize patch to C. E. Elliott for pasture purposes. Elliott built a wire fence, segregating the maize patch from the cotton crop, and proceeded to turn a number of horses onto the maize patch. As soon as Dodson learned of this action on the part of Elliott, he went to see Elliott about his horses being pastured on the maize. Dodson did not go out to the farm again until December 4th, when he then learned that Moore had made another trade with Elliott, in which he sold Elliott the cotton crop. The record discloses that the sale of the maize and the sale of the cotton crop were two separate transactions; that the cotton was sold by Moore to Elliott some time between the 29th of November and the 4th of December.

In his conversation with Elliott on the 29th of November, the first time he knew of the maize patch having been bought by Elliott, Dodson did not declare the lease forfeited. Here is what Dodson testifies was the statement he made to Elliott at the time:

"In my conversation with Mr. Elliott, I asked Mr. Elliott if he had made any trade with Mr. Moore. I told him that I had heard that

he had, and he said he had, and I asked what trade he had made, and he said he had leased this maize patch out there for a stock pasture for the remainder of the year. I told him that I objected to it, and told him that I didn't want that pastured at all."

There is not even a hint of forefeiture of the lease in this. Elliott, after that, bought the cotton crop which was being gathered at the time. As stated, there is not any attempt of the forfeiture of the lease in this conversation, and no forfeiture was had until this suit was filed on the 4th day of December; Dodson having discovered that Moore, his tenant, was moving off the place.

There were two distinct transactions of sale by Moore to Elliott, and both occurred before any forfeiture was declared. So far as the sublease which covered the maize crop is concerned, the trial court entered the correct judgment, for Moore had no authority to sublease it. Such subleasing was in violation of article 5489, Vernon's Sayles' C. Statutes, which prohibits subleasing without the consent of the landlord. Brown v. Pope, 27 Tex. Civ. App. 235, 65 S. W. 43. The landlord, Dodson, by reason of the sale by Moore to Elliott of the maize patch for pasture purposes, and which sale carried with it the control of the premises segregated, was authorized to declare the lease forfeited, and was authorized to take possession of the premises. Markowitz v. Greenwall Theatrical Co. (Tex. Civ. App.) 75 S. W. 76; Scott v. Slaughter, 35 Tex. Civ. App. 524; 80 S. W. 643; Hudgins v. Bowes (Tex. Civ. App.) 110 S. W. 178, 179; Stubblefield v. Jones (Tex. Civ. App.) 230 S. W. 720, 721 (writ denied); Waggoner v. Snody, 36 Tex. Civ. App. 514, 82 S. W. 355.

The law does not favor forfeitures. In this case the landlord had the right to waive the forfeiture of the lease, hence, this being his right, and he declaring no forfeiture, no automatic forfeiture or implied forfeiture could result from the sale of the maize patch to Elliott. I do not think a forfeiture ought to be, or can be, implied from any conversation or conduct of Dodson until December 4th, when he filed this suit, consequently, Elliott having made his purchase of the cotton while Moore's lease was in effect, Elliott took the title to Moore's interest in the cotton crop, with the right of ingress and egress to gather and market same free from claim by Dodson, except for his cotton rent, which Elliott attempted to pay him.

The tenant, having title to three-fourths of the cotton crop, had the right to sell it. 16 R. C. L. § 332; Id., § 419; Davis v. Goldberg & Smith, 75 Tex. 49, 12 S. W. 952. Such sale carries with it the right· of ingress and egress. Davis v. Goldberg & Smith, supra.

I cannot draw any distinction which would allow the creditor of the tenant who had purchased the crops at execution sale to enter and gather it, and yet to forbid the purchaser from the tenant doing the same thing. In both cases the sanctity of the landlord's possession will have been violated by the right of ingress and egress for such purposes.

The crop did not pass to the purchaser of the land, Burnison, by the contract of sale, because there was no delivery of possession of the land until long after the gathering of the crop. The tenant Moore having the right to sell his interest in the crop, and having sold such interest to Elliott before any forfeiture of the lease by Dodson, this was a constructive severance, and the right to the crop in no wise passed to the purchaser of the land, but the title vested in Elliott. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Lombardi v. Shero, 14 Tex. Civ. App. 594, 37 S. W. 613, 971; Sanger Bros. v. Hunsucker (Tex. Civ. App.) 212 S. W. 515; Silberberg v. Trilling, 82 Tex. 523, 526, 18 S. W. 591.

In the oral argument before this court, appellant's counsel practically conceded that appellant is not entitled to recover for damages done the land, if any, because at the time the damage to the freehold occurred a contract of sale had been signed by which appellant had contracted to sell the land to H. L. Burnison, possession to be delivered on the 1st day of January following, and on the last-named date appellant had received the contract price from Burnison without any diminution; hence, if there was any damage inflicted on the land by reason of the turning of the horses on the maize patch, the purchaser, and not Dodson, would have been entitled to recover for such damages.

The trial court so found, and I think his conclusion was correct.

For all of which reasons I am of the opinion that the judgment of the trial court should be affirmed.