### ORNELAS v. BENNETT et al.
### No. 4448.

Court of Civil Appeals of Texas. El Paso.
Feb. 28, 1946.

Rehearing Denied March 21, 1946.

J. C. Epperson, of Alpine, and Swearingen & Bledsoe, of Marfa, for appellant.

E. B. O'Quinn and Fred O. Senter, Jr., both of Marfa, for appellee.

PRICE, Chief Justice.

This is an appeal by Francisco Ornelas from the judgment of the district court of Presidio County, wherein a permanent injunction was adjudged in favor of plaintiffs, L. M. Bennett and J. V. Sessuns, enjoining him from grazing any livestock within pastures maintained by said plaintiffs wherein there were lands owned or leased by Ornelas, until he developed sufficient permanent supply of water on such land owned or leased by him for the cattle same would reasonably support. The trial was to the court with a jury. Submission was on special issues, and on the verdict returned judgment was rendered as aforesaid. The case is here on transcript, without statement of facts, Ornelas' contention being in substance that under the verdict the court erred in denying him the right of maintaining ten head of cattle in the enclosure wherein was situated Section 748, Texas Central Ry. Co.

From plaintiffs' petition it appears that in one general enclosure they had some eighty or eighty-five sections of lands of their own, and in this general enclosure were lands claimed by defendant Ornelas. This general enclosure was divided into several other pastures. Among these pastures was one known by the name of Alamito. Enclosed in Alamito was Section 748, which defendant claimed as a leased section, and also three other sections which he claimed, and several other sections leased or owned by plaintiffs. Plaintiffs sought and obtained the injunction against defendant under Article 1351a, Vernon's Annotated Penal Code, on the finding that defendant had not developed on the lands claimed by him a sufficient permanent supply of water for his livestock. Defendant does not claim that the findings are insufficient to sustain the judgment rendered except as to said Section 748.

In regard to the Alamito pasture plaintiffs plead:

"Said surveys No. 22 and 24, Block 1, D & P Ry. Co., and said survey No. 748, T C Ry. Co., and said survey No. 14, Blk. 362, R. W. H. Jordan original grantee, were claimed by said defendant."

They further plead that on the said survey No. 748 there was not a sufficient supply of permanent water for cattle or for livestock which might reasonably be grazed on surveys in Alamito claimed by defendant.

In answer to issue No. 17 the jury found defendant owned, leased, controlled or possessed four sections in said Alamito pasture. In reply to issue 21 the jury found

851

that said section 748 had a sufficient permanent supply of water for the cattle or other livestock which could be reasonably pastured on said survey. Issue No. 7 was to the effect that the lands contained in 'Alamito pasture would reasonably pasture per section ten head of cattle or other livestock, exclusive of sheep. It was found, in substance, that on the lands owned or claimed by defendant in Alamito pasture there was not sufficient supply of permanent water for the livestock the same would reasonably graze. (Issue No. 5)

■ Under the very terms of Article 1351a, Vernon's Ann. Penal Code, if defendant owned or leased said survey 748 he had the right to maintain ten head of cattle within the Alamito. It is clear plaintiffs had no claim to section 748. Plaintiffs aver that defendant claimed four sections in Alamito, and among these was 748. The jury found that defendant owned four sections in Alamito. Taking the issue as raised by the pleadings and as submitted, the finding was in substance that defendant either owned or leased said Section 748. In the absence of a statement of facts we must assume that all material issues submitted were raised by the evidence.

■ As reflected by the pleadings, plaintiffs' theory seems to have been that defendant claimed 748 as an assignee of a lease from the State. If this be true, the state might forfeit the lease. The Commissioners of the General Land Office has never, so far as the record goes, undertaken to do so. Until the state questions the right of defendant the lease is binding upon him. Scott v. Slaughter, 35 Tex.Civ.App. 524, 80 S.W. 643, W.R.; Wilkinson v. Sweet, Tex. Civ.App., 93 S.W. 702, W.R.; Francis v. Crowley, Tex.Civ.App., 50 S.W.2d 462, W.R.; Ewing v. Moran, Tex.Civ.App., 166 S.W.2d 760.

It is thought that under the only reasonable construction of the verdict it was found that defendant owned or leased Section 748 in the Alamito pasture; that there was sufficient permanent water supply to water the number of stock that could be reasonably grazed thereon; that ten head of livestock other than sheep could be reasonably pastured thereon. There is a specific finding that the water was insufficient for the four sections controlled by defendant in Alamito pasture, but as stated, a specific finding as to sufficient water on 748 to pasture the livestock it would reasonably support.

■ Article 1351a, Vernon's Annotated Penal Code, in a large measure declares the law as enunciated in such cases. Pace v. Potter, Tex.Sup., 22 S.W. 300; Lazarus v. Phelps, 156 U.S. 81, 84, 14 S.Ct. 477, 38 L. Ed. 363; Lyons v. Slaughter, Tex.Civ.App., 87 S.W. 182; Strait v. Chaney, Tex.Civ. App., 209 S.W. 219.

■ An infringement of such rights may be corrected by injunction. Popham et al. v. Wright, Tex.Civ.App., 229 S.W. 335; Perry v. Stringfellow, 134 Tex. 328, 134 S.W.2d 1031.

■ Under said Article 1351a, defendant having sufficient permanent water supply for livestock that might be reasonably grazed on said Survey 748 had a right to place at least that number of livestock within the said Alamito pasture.

As has been stated, where there is no statement of facts it must be assumed that there was evidence raising the issues submitted by the court if same are material under the pleadings.

The judgment, insofar as it enjoins defendant from putting ten head of cattle or other livestock in Alamito pasture is reversed, and judgment is here rendered that to that extent the injunctive relief sought is denied plaintiffs, but save as hereby reformed the judgment is affirmed.