## FRANCIS v. CROWLEY.

### No. 2665.

Court of Civil Appeals of Texas. El Paso. May 12, 1932.

Rehearing Denied June 2, 1932.

G. W. Dunaway, of Midland, for appellant.

Haag & Stubbeman, of Midland, for appellee.

WALTHALL, J.

On the 15th day of September, 1927, the Board of Regents of the University of Texas, acting under an act of the Legislature of the State of Texas (Acts 1895, c. 18), entitled, "An act to invest the Board of Regents of the University of Texas with the management and control of the University lands," by a lease contract and agreement leased to C. W. Crowley and H. A. Lindley, for a period of ten years, a portion of the lands donated and set apart to the University of the State of Texas, certain lands therein described by block and section numbers, situated in Andrews county, Tex., and being in all forty-two sections of land, and upon the terms and conditions stated therein. The only provision of the lease contract brought into question in this suit is to the effect that the leasehold granted shall be transferred or assigned by the lessees only after obtaining the written consent of the Regents of the University to such transfer or assignment.

On the 20th day of December, 1928, John Y. Francis expressed in writing his desire of using, in conjunction with Crowley and Lindley, the said lands embraced in the lease by the Board of Regents of the University to Crowley and Lindley, and therein expressed his willingness to perform all the covenants and conditions of the university lease contract and assume the liabilities therein contained, in consideration of Crowley and Lindley and the Board of Regents of the University shall agree to such joint use of said lands,

and in further consideration of Francis agreeing to perform the covenants, agreements, and obligations contained in said university lease, Crowley and Lindley, on January 3, 1928, expressed in writing an agreement that Francis should exercise a joint use with them of said lands as joint tenants, provided the Board of Regents approve same, and should the board do so it was to be understood that such approval would be at the request and for the benefit of Crowley and Lindley, and as in no wise releasing them from their obligations assumed in said lease.

On the back of the above-stated instrument is the following:

"Duplicate Assumption of University Lease No. 311 by John Y. Francis, Midland, Texas.

"Recommended for Approval: R. E. Saner, Special Agent.

"Approved: R. G. Storey, Chairman, University Land Com. Reported to Auditor and filed in G. L. O. 1—7—1929.

"Filed for record this 21 day of Jan. 1929, at 10:30 o'clock A. M. Sam M. Smith, County Clerk, Andrews County, Texas."

On the 11th day of October, 1928, Crowley and Francis entered into a written contract by the terms of which Crowley, in part consideration of $2,150 to be evidenced by one promissory note of date November 1, 1928, and to become due November 1, 1929, bearing interest and providing for attorney fees as stated, the note to be secured by a vendor's lien upon the land conveyed, assigned, transferred, and conveyed to Francis nineteen sections of the lands included in the lease of the Board of Regents of the University, the lands fully described by block and section numbers.

On November 1, 1928, Francis executed and delivered to Crowley his obligation by which he promised to pay to Crowley, or order, the sum of $2,150, as in the said instrument stated, the obligation stating that it is given in part payment of the purchase of the unexpired lease on the university lands embraced in said lease and expressed a vendor's lien retained. Certain credits are indorsed on the note or obligation leaving a balance due thereon of $1,105.40, as of January 8, 1930.

This suit was brought by Crowley against Francis to recover the unpaid balance on said note as stated, interest due, the attorney fee, and to foreclose the vendor's lien on the property described.

Francis answered by exceptions, general and special, general denial, and by special denial to the effect that he has a grass lease upon said lands executed by the Board of Regents of the University, and that one of the provisions of said lease is that it cannot be transferred or assigned voluntarily or involuntarily, and that it is not such property as can be alienated by order of the court.

The demurrers were not expressly passed upon by the court and are thereby waived.

The case was tried without a jury, and judgment entered for Crowley on October 3, 1931, for the amount due with interest, attorney fee, and a foreclosure and the vendor's lien.

Francis duly prosecutes this appeal.

### Opinion.

Appellant presents the one question: "The lease in question having as one of its provisions a clause providing that the same could not be transferred or assigned without the written consent of the Regents of the University of Texas, was not such property as a valid lien could be created upon or that could be sold under execution or forced sale of any kind."

Appellee submits several counter propositions to the effect: First, that the lease in question, not providing for unconditional forfeiture upon the assignment or transfer without written consent of the Board of Regents first having been obtained, was such property upon which a valid vendor's lien could be obtained, and could be sold under execution growing out of such lien foreclosure; second, that valid vendor's lien was created in favor of appellee by his assignment of the lease to appellant; third, there being no evidence that the Board of Regents ever objected to the sale from appellee to appellant, or had objected to appellee as a lessee, the assignment by appellee to appellant retaining the lien was valid.

Appellant refers us to Moser v. Tucker, 87 Tex. 94, 26 S. W. 1044, 1046, as deciding in his favor every question involved in this case. We do not so regard the case. We need not make an extensive discussion of the case. Moser & Son, an insolvent firm, assigned to others an unexpired leasehold estate. Tucker and others were creditors of Moser & Son at the time the lease was assigned. In their suit Tucker and other creditors charged that the Moser & Son assignment of the leasehold was made in fraud of creditors. Moser & Son had no consent from the landlord to assign. The statute (Sayles' Civ. St. art. 3122) forbade the tenant renting or leasing the premises "without first obtaining the consent of the landlord," etc. In discussing the case the Supreme Court said: "Ordinarily a person who has leased real estate for a fixed term has an estate subject to sale under execution is doubtless true, but, under the statutes of this state, in the absence of contract which permits assignment or subletting of leased premises, a lessee cannot pass to another the right to occupy the premises for the whole or a part of the term." The court then said that until the consent of the landlord was given, the holding under the tenant would be as trespassers. Conceding that by reason of the statute quoted

in the opinion, Crowley had no assignable interest in the premises until consent of the lessor was obtained, and that until consent was obtained Francis' possession was in the nature of that of a trespasser as to the Board of Regents, but when consent of the Board of Regents, as to Francis, was obtained, as was done, the limitation on Crowley's right to sublet to Francis was removed and Francis was no longer a trespasser but was as rightfully in possession as was Crowley. We think also, as in this case, where the Board of Regents by its lease contract have undertaken to state the terms under which its lessee may occupy the premises, and to state and limit the right of the Board of Regents to act in the event its lessee should not observe the right granted, the lease would control the rights of the parties under the lease as to consent rather than the statute. Here the Board of Regents by its lease provided that should Crowley assign or transfer the leasehold granted without first having obtained consent to do so, such failure "shall be sufficient cause for the party of the first part (the Board of Regents) to cancel this lease." That is, a failure to obtain consent does not of itself cancel the lease, nor would such failure to obtain consent of itself make void Crowley's sublease to Francis, but the lease by its terms reserved the right to the Board of Regents to decide the sufficiency of the cause to cancel. The Board of Regents took no action to cancel, but in writing expressed its consent.

Scott v. Slaughter, 35 Tex. Civ. App. 524, 80 S. W. 643, 645, is a case where the Commissioner of the General Land Office had leased to Slaughter certain public school lands, and Slaughter transferred to Scott unexpired leasehold in the leased lands. The suit was brought by Scott to recover of Slaughter certain moneys paid Slaughter for the transfer, and to cancel certain promissory note given by Scott to Slaughter in part payment for the transfer of the lease. One of the contentions made by Scott was that the transfer of the lease to him was void unless the landlord consents to the transfer. In discussing the case the court said: "The record fails to show that the Commissioner of the General Land Office consented to the transfer of the lease by Slaughter to Scott. It is not shown that he did not consent, there being no evidence either way on this question. Such being the

condition of the record, we are of the opinion that a want of consent should not be inferred for the purpose of basing a forfeiture of the lease thereon. The Commissioner of the General Land Office did not claim a forfeiture. * * * Again, the assignment of a lease by a tenant without the assent of the landlord is not void, but voidable at the option of the landlord. He may claim a forfeiture, or waive it. Gulf, C. & S. F. Ry. Co. v. Settegast, 79 Tex. 256, 15 S. W. 228; Wildey Lodge I. O. O. F. v. City of Paris, 31 Tex. Civ. App. 632, 73 S. W. 70. The Commissioner of the General Land Office not having claimed a forfeiture of the lease on this ground, the appellant could not set up the want of consent of the state to the transfer to appellant for the purpose of defeating his contract." A writ of error was refused. The case has often been cited.

In Jackson v. Knight (Tex. Civ. App.) 194 S. W. 844, it is said that the provision in the lease that consent in writing was necessary to make the assignment valid was placed in the lease contract for the lessor's benefit, which he had a right to either waive or forfeit.

Wilkinson v. Sweet et al. (Tex. Civ. App.) 93 S. W. 702, was an action on a note executed by a sublessee for the conveyance of a leasehold estate in state lands. The court said: "It does not necessarily follow that because the commissioner of the land office did not consent to the assignment of the lease, that the notes given in consideration for such assignment should be declared void. The state is not complaining, and it is not shown that the commissioner of the land office, or any one else acting for the state, would have prevented appellant from using the land during the term covered by the lease." A writ of error was denied.

The Board of Regents had the authority to execute the lease to Crowley and Lindley. Under the authorities cited, Crowley could make a valid sublease to Francis, subject only to the action of the Board of Regents to give or withhold consent. Where consent to sublease is not expressly given and no action taken by the Board to cancel, right to cancel is waived.

The contract for the sublease can be enforced through the courts.

The case is affirmed.