## J. L. BROOKS UNDERTAKING CO. v. WEST.

No. 2937.

Court of Civil Appeals of Texas. El Paso.

Feb. 18, 1934.

Bond & Porter, of Terrell, for appellant.

C. E. Farrall, of Dallas, and W. P. Williams, of Terrell, for appellee.

HIGGINS, Justice.

Janie West brought this suit against J. L. Brooks, Sr., and J. L. Brooks, Jr., composing the partnership of J. L. Brooks Undertaking Company, to cancel an assignment executed by her whereby she assigned to said company a portion of the amount payable upon an insurance certificate insuring the life of Will West, who died a few days prior to the execution of such assignment. It was alleged

the defendants represented to her that the instrument was a proof of death of the deceased; that she was unable to read and executed the assignment relying upon the statement that it was a proof of death and believing such to be its character.

The case was submitted upon one issue, which reads: "Question No. 1: Do you find that the plaintiff has proved by a preponderance of the evidence that the defendant company, or its agents, falsely and fraudulently represented to the plaintiff that the instrument she signed was a death certificate instead of an assignment?"

The issue was preceded by this charge: "The Court instructs you that the term, 'false and fraudulent misrepresentations,' as used herein, is meant the false and fraudulent misrepresentations of a material ascertainable fact, and not merely a statement of opinion or judgment, and before you can find that there was false and fraudulent representations made by the defendant or his agents, you must find that the plaintiff herein relied upon said representations and was deceived thereby, and thereby induced to execute the assignments in question, believing said instrument or assignment to be a death certificate or proof. With these definitions of the law applicable to this case to be kept in mind, you will answer the following question or questions:"

Upon an affirmative reply to the issue submitted, judgment in plaintiff's favor was rendered.

 It is objected the court did not submit the issue of whether plaintiff relied upon the alleged false representation and it was error to render the judgment for her without a finding that she did so rely.

Such reliance was an, essential element of plaintiff's cause of action and the facts and circumstances reflected by the record raise an issue in this respect. Under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, it was error to render judgment for the plaintiff without a finding that she relied upon the representation. The court having failed to submit such issue, and

the plaintiff not having requested its submission, she is presumed to have waived it. International Great Northern Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669; Dallas Hotel Co. v. Davidson (Tex. Com. App.) 23 S.W.(2d) 708; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210.

 The charge given in connection with the issue submitted is general in its nature, undertaking to instruct the jury as to the law arising upon the facts. Such charges are not permissible in special issue submissions. Connellee v. Nees (Tex. Com. App.) 266 S. W. 502.

 Upon the present record there seems to be only four issues of fact necessary to be submitted, viz.: ·

1. Did the defendants represent to plaintiff that the instrument she executed was a proof of death?

2. Was such representation believed by plaintiff?

3. Did she rely upon such representation in executing the instrument?

4. Was she induced thereby to execute such instrument? Avery Co. v. Harrison Co. (Tex. Com. App.) 267 S. W. 254.

 The representations, if made, were material as a matter of law. ·

Admittedly the instrument was an assignment and not a proof of death, and it necessarily follows the representation, if made, was so made with intent to deceive, and fraudulent.

Various other objections are urged against the issue as submitted and its accompanying charge, but discussion thereof is unnecessary. What has been said sufficiently indicates our view of the proper manner in which the case should have been submitted.

 Appellants also present the point that the Grand United Order ·of Odd Fellows of Texas, which issued the certificate of insurance, is a necessary party defendant. This is overruled.

For the errors indicated, the judgment is reversed, and the cause remanded.