MARSHALL et ux. v. SMITH et al.
No. 14808.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 13, 1946.

R. V. Nichols and R. A. Stuart, both of Fort Worth, for appellants.

H. S. Lattimore and J. O. Terrell Couch, both of Fort Worth, for appellees.

SPEER, Justice.

Plaintiffs Charles P. Marshall and his wife Gracie Alice Marshall sued defendants H. P. Smith, F. M. Stephenson, Jr., and L. E. Clements to cancel a written lease on real estate, for possession, and damages for the value of personalty alleged to have been converted by defendants.

Tried to the court without a jury, a take-nothing judgment was entered and plaintiffs have appealed. Parties will carry same designation here as in the trial court.

Plaintiffs plead that they entered into the lease contract with Smith and Stephenson, Jr. for a term of five years beginning with September 15, 1945, and that by the terms of the lease it was provided that "The parties of the second part (Smith

and Stephenson Jr.) agree that they will not re-let or sub-lease the leased premises, or any part thereof, without the written consent of the parties of the first part" (the Marshalls.) That plaintiff Charles P. Marshall permitted the sub-lease of said premises by Stephenson, Jr. to L. E. Clements, but that no such consent was given by plaintiff Gracie Alice Marshall. That said premises were the business homestead of plaintiffs. That the wife owned an undivided half interest in said real estate as her separate property and therefore the consent to sub-let given by the husband was not binding on the wife.

Plaintiffs further alleged that on about March 1, 1946, defendant Clements assigned all his right, title and interest in and to the lease to defendant Smith without the consent of either of plaintiffs and that by reason of said assignments the lease is of no further force and effect. They alleged certain reasons, not necessary to mention here, why the manner in which the property was being operated was unsatisfactory to them; they prayed for cancellation of the lease and for immediate possession of the premises.

Defendants Stephenson Jr. and Clements did not answer. Smith answered by general denial and specially that he was the sole owner of the leasehold, having acquired all right, title and interest therein held by Clements; that Clements acquired all rights held by Stephenson Jr. with the consent of plaintiffs and that Smith's acquisition of Clements' interest in the lease was at the instance and request of plaintiffs and with their full knowledge and consent. That plaintiffs acquired the property during their marriage and defendant Smith had no knowledge of any separate property interest Gracie Alice Marshall may have had in the property and that he acquired it innocently and for value. Smith specially pleaded that plaintiffs by their acts, conduct and words were estopped to assert a cancellation of the lease contract and have waived any right they may have had to do so.

Plaintiffs' sole point of error relied upon for reversal complains of error of the court in rendering judgment for defendant Smith and in not cancelling the lease contract for the reason it was assigned or transferred without their written consent.

Under this point and the counter propositions made by Smith all parties have discussed the whole case, including the testimony offered by each.

The leased premises no doubt constituted plaintiffs' business homestead up to the time of the lease to defendants, but there is ample testimony to warrant a finding that it was abandoned as a business homestead at that time.

■ The undisputed evidence shows that the half interest claimed by Mrs. Marshall to be her separate property was acquired during the time of marriage and was paid for with funds derived from rentals of her separate property. Clearly, the wife did not own, in her separate right, the half interest.

As we view this record, the questions of homestead and the wife's claim of separate property rights in the premises, necessarily go out of the case. It was obviously community property, and under the provisions of Article 4619 R.C.S., Vernon's Ann.Civ. St. art. 4619, the husband had the sole management and control of it. Plaintiffs plead that the husband gave his written consent for Stephenson Jr. to sub-let his interest to Clements and this was sufficient to vest Clements with all right and interest Stephenson Jr. had in the leasehold.

■ Where the original lease was modified as in this case and different lessees acknowledged, the original contract continued effective, and the parties thereto could continue to operate thereunder and orally make such changes as they saw fit and proper in its performance. Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S. W.2d 553, 164 S.W.2d 488.

The real bone of contention in this appeal grows out of the undisputed acquisition by Smith of the interest in the lease of Clements, because, as claimed by plaintiffs, it was in violation of the terms of the original lease contract in that such assignment to Smith was without the written consent of either of the plaintiffs.

Plaintiffs cite and rely upon Article 5237, R.C.S., and many cases holding that where assignments, sub-letting and subleasing are

made by a lessee without the consent of lessor, and especially when the lease contract contains inhibitions similar to those in the statute, the lease contract is breached and the lessor may, at his option, declare a forfeiture.

We observe that the provision in the contract, obligating lessees not to "re-let or sub-lease" the premises or any part thereof without the written consent of lessors, is somewhat different from the provision found in Article 5237, R.C.S. If the contract contains no language similar to that of the statute, its provisions will be read into the contract, but if, as in this case, the parties contract as provided in the quoted portion of the contract, the provisions thus incorporated will control over the statute. In either event they are for the benefit of the lessor, and he may estop himself to enforce them or may waive their enforcement, at his option. Francis v. Crowley, Tex.Civ.App., 50 S.W.2d 462, writ refused; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 164 S.W.2d 488.

The testimony of defendant Smith, his wife and son, is very definitely to the effect that about a week before Smith purchased the interest of Clements they were having dinner with the Marshalls at the latters' home and that both Mr. and Mrs. Marshall advised Smith to purchase the interest of Clements, not at the price he was then asking, but to "sweat him down" on the price. That Clements was advertising to sell his interest and Smith asked Marshall not to give his consent for Clements to sell to somebody other than Smith, and Marshall agreed to not assent thereto. The Smiths testified that Marshall said if Smith could buy Clements out, he did not need any written consent from lessors that his contract was "okay." That Smith acted upon the information he had from the Marshalls and did purchase the interest of Clements; that he would not have done so had it not been for what the Marshalls had said.

Plaintiffs Mr. and Mrs. Marshall testified unequivocally that no such conversation ever took place; that they never at any time agreed for Smith to purchase the interest of Clements, nor that they ever told Smith his contract of lease would hold good if he purchased from Clements.

As above stated, trial was to the court; no findings of fact or conclusions of law were requested or filed; no fact findings are incorporated in the judgment as a basis for the judgment entered. The judgment was in very short form, reciting in effect, that the court heard the facts and arguments and concluded that the law was for defendants and ordered that plaintiffs take nothing and that defendants recover their costs.

The trial court had the responsibility of weighing the testimony, though highly conflicting as it was. It is now the settled law in this state that when a case is tried to the court, and no findings of fact and conclusions of law are requested or filed, the judgment will be sustained on appeal if it can be done upon any theory supported by the record. Plaintiffs pleaded business homestead and wife's separate property in one-half interest in the premises. The uncontradicted testimony refutes both theories. Defendant Smith plead estoppel and waiver by plaintiffs of their right to declare a forfeiture of the lease contract. There was even more testimony than we have before mentioned to support defendant Smith's pleas.

Under the pleadings and evidence found in the record we conclude that the judgment was a correct one, if the court gave credence to Smith's theory and the substantial evidence offered in support of it. Then under the rule of law last above announced the judgment should be sustained. Patrick v. Simpson, Tex.Civ.App., 168 S.W.2d 315, writ refused; Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S.W.2d 293; Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947 (a venue case). There are many older cases adhering to the same rule, which need not be cited.

For the reasons stated the judgment of the trial court should and will be affirmed. It is so ordered.