ZACHRY v. ROBERTSON.

No. 14930.

Court of Civil Appeals of Texas. Fort Worth.

April 2, 1948.

Rehearing Denied April 23, 1948.

Dobbins & Howard, of San Antonio, for appellant.

J. Rob Griffin and Lattimore & Couch, all of Fort Worth, for appellee.

HALL, Justice.

This is a plea of privilege suit deriving from a cause of action filed in the District Court of Tarrant County, Texas, on January 7, 1947, by C. F. Hutches against appellee, Charles C. Robertson, doing business as the Fort Worth Pecan Shelling Company, alleging as a cause of action damages due him by Robertson, growing out of an alleged breach of contract under the terms wherein Robertson agreed to sell and deliver to Hutches a certain quantity of pecans. Appellee Robertson filed his original answer on February 10, 1947 and

his amended original answer and cross action on February 26, 1947. On August 11, 1947, appellee Robertson included in his second amended answer and cross action a cause of action against appellant, H. B. Zachry, a resident of Bexar County, alleging, among other things, that H. B. Zachry was in truth and in fact the undisclosed plaintiff in the case and that as such he was entitled to recover the sum of $43,725.-00 from the said Zachry as damages.

To this cross action appellant, H. B. Zachry, duly filed a plea of privilege, which was duly controverted by appellee Robertson. The trial court overruled the plea of privilege; hence, the perfection of this appeal by appellant, H. B. Zachry, predicated upon two points of error, the first embracing in substance the following: That the trial court erred in holding that Zachry was subject to being sued on the amended cross action in Tarrant County by virtue of the fact that Hutches, who entered into the contract with Robertson as the undisclosed agent for Zachry, originally instituted the proceeding in Tarrant County, and prior to the institution of the suit Zachry had assigned all of his right, title and interest in the litigation to Hutches.

Point No. 2 contains an objection leveled at the action of the trial court in overruling appellant's plea because he is not subject to being sued in Tarrant County on the cause of action set out in the cross action, which did not grow out of the original cause of action upon which suit was brought by Hutches.

The facts disclose that originator of the suit, C. F. Hutches, entered into a contract with appellant, H. B. Zachry, on October 17, 1946, to the effect that said Hutches, among other things, would purchase a minimum of two million pounds of seedling pecans and for such services Hutches would receive a minimum of $100,000.00 net with all expenses paid. It is stipulated in paragraph 4 of the contract, "It is agreed between the parties hereto that all purchases made by Hutches for Zachry will be made in Hutches' name for Zachry as Hutches' undisclosed principal, and that Hutches will hold the title to said pecans solely as agent for Zachry and will sell and assign the same at any time either to Zachry or to any person named by him in writing, and in all such transactions Hutches will act solely as agent for Zachry." Paragraph 5 of said contract reads in part as follows: "Zachry agrees to sell through Hutches, as his agent, without disclosure of the agency, a minimum of two million pounds of seedling pecans to persons or corporations designated by Hutches * * * it being understood that this provision is made at the request of Hutches in order to fulfill Hutches' desire to supply pecans to certain customers to whom he has regularly sold pecans in past years. Hutches agrees to credit Zachry with all profits derived from such sales and Zachry to sustain all losses incurred, if any; * * *."

The statement of facts reveal that appellant introduced in evidence a purported assignment executed by him to Hutches of all right, title and interest he had in and to this cause of action, dated the 15th day of July, 1947. Hutches did not testify that such cause of action was transferred and delivered to him from Zachry. Appellant Zachry did not testify that such transfer or assignment of said cause of action was delivered by him to the said Hutches; in fact, no one testified to its delivery. Be that as it may, the pleadings of Hutches do not contain any such transfer or assignment of the cause of action. This instrument, however, does disclose that appellee was correct while pleading in his cross action that appellant Zachry was the owner of the law suit when it was brought. This is also revealed in the contract referred to above. Under such conditions, we find that the trial court did not err in overruling appellant's plea of privilege because he voluntarily brought himself within the jurisdiction of the trial court when he filed his original suit through his agent Hutches. In the court's order overruling the plea it is stated thus: "The court is of the opinion that this suit was originally brought by the cross defendant, H. B. Zachry, and that he was in fact the plaintiff therein, using the name of Hutches for the purpose of suit, and that the cross action of cross plaintiff Robertson was seasonably filed, and that

the cross defendant Zachry should defend said cross action in this cause above styled and numbered, and in Tarrant County, Texas." There is sufficient evidence to support such finding.

While it is true that the purported sale of the cause of action was dated prior to the time the cross action was filed against appellant, such purported assignment was never disclosed to the court until the day of trial and then only the signature of appellant was undertaken to be proven, not its delivery. The court by its finding, supra, evidently gave no credence to such purported assignment, which he had a right to do under the record in this case; by attempting to prove the correctness of a signature affixed to an instrument does not prove delivery of same even though an attorney may be representing both the assignor and assignee in an action disconnected with the hearing in question. Under the record, no one could be criminally responsible for the incorrectness of the testimony surrounding the introduction of the purported assignment.

Under Texas Rules of Civil Procedure, Rule 97, we find the record discloses sufficient evidence to connect the subject matter of the cross action with the subject matter of plaintiff's suit to the extent that it will prevent venue from lying in appellant's resident county. Both the pleadings in the cross action and the testimony of appellee Robertson are to the effect that when the contract was entered into by and between the agent of appellant and appellee, that it was strictly understood between the parties that appellant's agent, Hutches, would not attempt to buy any pecans from one Jim Ara because, appellee Robertson had previously contracted for all of Ara's 1946 pecans and that it was from such crop that appellee would partially fulfill the contract made by and between him and appellant's agent, but that subsequently thereto Hutches did purchase the crop from Ara which prevented appellee from performing his contract with appellant.

Finding no error, the judgment of the trial court in overruling the plea of privilege is affirmed.

SPEER, Justice.

I concur in the affirmance of the judgment in this case as indicated by the opinion of Mr. Justice HALL, but hazarding repetition, I desire to make these further observations.

It can scarcely be doubted that Zachry was the real plaintiff at interest in the suit originally instituted by Hutches. This is true as evidenced by the very carefully prepared and all-covering contract between him and Hutches. Hutches, also, may have had an interest in the outcome of the recovery sought by him, this need not be determined upon this appeal.

I am convinced that at least a part of Robertson's cross action is such that can properly be pleaded by him under Rule 97. There may be some serious doubt if Robertson should have prevailed in his cross action as against Hutches at a time when Zachry was not a named party cross defendant, that he could have had his judgment satisfied by execution against Zachry; but Robertson has made Zachry a co-cross defendant with Hutches by an amended pleading. To this amendment Zachry pleads his privilege and seriously urges it upon several theories, one being that irrespective of his previous relation to the suit, he had assigned all of his rights to Hutches before the amended pleading was filed. The purported assignment lends color to the fact that he was the real plaintiff at interest in the original suit as Robertson has asserted by his amended pleadings.

I believe that the manner in which the assignment from Zachry to Hutches came into this case, the absence of any evidence of its delivery and acceptance, and the applicable law to which I shall refer are controlling in the disposition of this appeal.

A Mr. John D. Cape, Vice President and General Manager of Transit Tower Corporation, of San Antonio, Texas, was called as a witness by counsel for Zachry. The witness knew Zachry as President of the corporation of which witness was Vice President; he thought he was acquainted with the signature of Zachry; counsel for Zachry exhibited to the witness an instru-

ment and inquired "if that is Mr. Zachry's signature?" The witness answered, "To the best of my knowledge and belief it is." The instrument referred to was the purported assignment involved here. Zachry's counsel then offered it in evidence and it was admitted by the court over the objections of Robertson's counsel. The instrument bears date of July 15, 1947, and was acknowledged before a notary public on the same day.

The judgment of the court recites that, "all parties having appeared and announced ready," etc. Mr. Zachry did not testify in the case. The testimony of Hutches was by deposition; the date on which the deposition was taken is not disclosed. The record indicates that the same counsel representing Zachry at the venue hearing is also counsel for Hutches in the pending suit.

There is no evidence that the purported assignment was ever delivered by Zachry to or accepted by Hutches; the judgment shows Zachry was present but he did not testify; at the time of trial the instrument apparently came from Zachry's counsel to the witness and there is nothing more to indicate that Zachry had ever parted with it except to the participating counsel. There is no further inference that Hutches ever knew that it existed; he was not asked about it when his depositions were taken.

No request was made for fact findings and none were filed except on a matter not here involved. The court overruled the plea of privilege by an order which makes no fact findings concerning the assignment to Hutches by Zachry. Under the testimony above referred to, the court could have found that no effective assignment was ever made, delivered and accepted, in which event Zachry would undoubtedly be a proper cross defendant with venue in the forum which he had, through his alter ego Hutches, invoked when he instituted the original suit.

One theory upon which the trial court could have overruled the plea of privilege was that no effective assignment by Zachry to Hutches had ever taken place. It is the well settled rule of law in this state that where a case is tried to the court and

no findings of fact and conclusions of law are filed by the trial court, the judgment will be affirmed if there is evidence to support it upon any theory in the case. Stated in another way, if the trial court's judgment can be sustained upon any theory presented by the pleadings and testimony it should be affirmed. Texas Creosoting Co. v. Hartburg Lbr. Co., Tex.Com.App., 12 S. W.2d 169; Patrick et al. v. Simpson et al., Tex.Civ.App., 168 S.W.2d 315, writ refused; Rasberry et al. v. Jones et al., Tex. Civ.App., 195 S.W.2d 947 (venue case); Marshall v. Smith, Tex.Civ.App., 199 S.W. 2d 555. Likewise, it is the rule that if the judgment of the trial court is correct, although for a different reason than the one stated by the court, it should be affirmed. General Bonding & Casualty Co. v. McCurdy, Tex.Civ.App., 183 S.W. 796, 802, writ refused; Waco Development Co. v. McNeese, Tex.Civ.App., 209 S.W. 464, writ refused.

I think the correct judgment was entered by the trial court and under the facts delineated with respect to the purported assignment, a theory was presented in the case which would support the judgment entered and that it should therefore be affirmed.

McDONALD, Chief Justice.

Venue of the cross-action was sought to be maintained in Tarrant County on two grounds.

The first was that Zachry and Hutches had made agreements in restraint of trade. The trial court found that appellee failed to make out a case in this respect, and the state of the evidence is not such as to warrant our overturning this finding.

The second was that Zachry, being the real party in interest, as plaintiff, was subject to suit in Tarrant County on the cross-action under the following rule:

"By instituting a suit in a county other than that of his residence the plaintiff submits to the jurisdiction of the court of that county as to all matters growing directly out of the subject matter of the suit; and thereby he waives his right to insist on his privilege to be sued in the county of his domicile on a cause of ac-

tion of that character asserted in a cross-action * * *." 38 Tex.Jur. p. 403.

Granting that Zachry was the real plaintiff in interest when the suit was filed, it was shown without dispute that he assigned his interest in the cause of action to Hutches before the cross-action was filed against Zachry. The majority opinion seems to rely on an implied finding of the trial court that Zachry had not in fact assigned the cause of action to Hutches. Appellee Robertson has not made any such contention in this court. All of the arguments in his brief are founded on the premise that Zachry had assigned the cause of action to Hutches before the cross-action was filed which named Zachry as a cross-defendant, and are to the effect that venue lay in Tarrant County despite the fact that such assignment had been made. The following statement of fact is taken from appellee's brief filed in this court:

"It developed after the first amended cross-action, and before the filing of the second amended cross-action, Zachry had transferred his ownership in the plaintiff's cause of action to Hutches."

The opinion of Mr. Justice Speer suggests that the record does not show that Hutches had even heard of the assignment, or that it had been delivered to him. The assignment was introduced in evidence by the attorneys of record who represented Hutches in the suit. They also represented Zachry, but their representation of Zachry did not lessen the effect of their being also the attorneys of record for Hutches. I believe that it would be improper to presume that Hutches had never heard of or that there had been no delivery to him of a written agreement between him and another which appears to have been introduced in evidence by his attorneys of record, even though his attorneys also represented the other party to the agreement. The only reasonable inference from the record, it seems to me, would be that the attorneys who represented the two parties to the contract were acting under authority from both of them when they introduced the written assignment in evidence, when there is nothing in the evidence to destroy such a presump-

tion. An attorney of record has, presumably, broad authority in representing his client in court, 5 Tex.Jur., p. 452, and I am unwilling to say that the record before us supports an implied finding by the trial court that the attorneys representing both Hutches and Zachry introduced in evidence a written agreement between their two clients which one of the clients had never heard of and which was not effective as between the two clients. Until the contrary is shown, at least by some fact or circumstance, I believe that it is our duty to presume that there was no such abuse of authority by the attorneys who appear for Hutches and Zachry in this case.

Also, the case seems to me to be a proper one for the application of Rule 419, which provides that any statement by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party.

Since Zachry was neither a nominal party nor a party in interest, as plaintiff, when the cross-action against him was filed, the cross-action against him is in the same category as a cross-action against a third party. "Thus the defendant in the main action cannot, by bringing a cross-action against a person not a party to the original suit on an independent cause of action, defeat such person's privilege to be sued in the county of his residence. * * *" 38 Tex.Jur., p. 402.

If the views above expressed are incorrect, it seems to me that in any event some of the grounds of recovery asserted in the cross-action were distinct and severable from the controversy in the main suit. The alleged conspiracy in restraint of trade was not a matter growing out of or incidental to the subject matter of the main suit, nor was the matter of profits alleged to have been lost on pecans which defendant would have purchased from Ara and sold to persons other than Hutches except for the alleged wrongful acts of Zachry and Hutches in interfering with the contract between Ara and defendant. "As shown in the article that treats of venue, a defendant is entitled to be sued in the county where he resides, unless the case comes

within some of the statutory exceptions. This is true of a defendant in a cross-action on a cause of action which is distinct and severable from the controversy in the main suit." 38 Tex.Jur., p. 402.

Rule 97, Rules of Civil Procedure, can not be regarded as changing the law of venue above stated. Rule 816 expressly provides:

"These rules shall not be construed to extend or limit the jurisdiction of the courts of the State of Texas nor the venue of actions therein."

See Southwestern Peanut Growers Ass'n v. Womack, Tex.Civ.App., 179 S.W.2d 371.

It is my opinion that the suit alleged in the cross-action against Zachry should be transferred to the county of his residence; and if I be wrong in this view, it is my opinion that the judgment overruling the plea of privilege should be reversed, and that the matter should be remanded for another hearing on the venue question to determine what, if any, of the cross-action is so connected with the subject matter of the original suit as that venue thereof may be maintained in Tarrant County under the rules above stated.