E. G. BOYKINS, Guardian, Appellant,

v.

Alonzo PARR, Appellee.

No. 3659.

Court of Civil Appeals of Texas.

Waco.

Sept. 10, 1959.

Rehearing Denied Oct. 1, 1959.

Fitzpatrick & Fitzpatrick, Waco, for appellant.

O. W. Sternberg, Waco, for appellee.

WILSON, Justice.

This action was originally instituted against J. D. Martin for services rendered by appellee under an implied contract. After the suit was filed, but before trial, Martin was adjudged to be a person of unsound mind and appellant qualified as his guardian.

Appellant says the trial court had no jurisdiction of the suit because the claim for services was not presented to the representative as required by Sec. 314, Texas Probate Code, V.A.T.S. The serv-

ices alleged consisted of "taking care of" the bedridden Martin, cooking, bathing, giving medication and acting as a male nurse and companion. It was alleged the reasonable value of these services was $75 per week. Since the action was for an undetermined and uncertain amount, this was a suit on an unliquidated demand. 1 Tex.Jur.2d p. 227; 25 C.J.S. Damages § 3, p. 461. As early as 1851, the Supreme Court announced the rule that presentation of a claim on an unliquidated demand was not a prerequisite to suit. Garrett v. Gaines, 6 Tex. 435, 444. There has since been no statutory change requiring a contrary holding. Massie v. DeShields, Tex. Civ.App., 62 S.W.2d 322, 325, (writ ref.); Wells v. Hobbs, 57 Tex.Civ.App. 375, 122 S.W. 451, 454; Johnson v. First Mortgage Loan Co., Tex.Civ.App., 135 S.W.2d 806, 803; Allen v. Denk, Tex.Civ.App., 87 S.W. 2d 303, 307; 21 Tex.Jur. p. 201. The contention is overruled.

■ It is asserted that Martin's wife, who was alleged to have requested appellee's services, was a necessary party. No plea in abatement under Rule 93(e), Texas Rules of Civil Procedure, nor any other pleading or motion presented this question to the trial court. As we understand the assignment, it is contended that Sec. 157, Texas Probate Code, V.A.T.S., providing that "The qualification of a guardian of the estate of an incompetent spouse does not deprive the competent spouse of the right to manage, control, and dispose of the entire community estate as provided in this Code," makes the wife an indispensable party.

Much of Sec. 157 is cumulative of the provisions of Arts. 3662 and 3678, Vernon's Tex.Ann.Civ.Stats., eliminating qualifying requirements and conforming to the Supreme Court's recommendation that either spouse be given exclusive authority to manage and control the community regardless of existence of children or separate property. Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.2d 685, 687. The section pro-

vides that guardianship shall not be necessary only "when the other spouse is competent." As to this, or actual existence of the spouse at time of trial, no showing is made. We are of the opinion the wife is at least not such an indispensable party under this record as to permit raising the question for the first time on appeal. Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 165.

■ It is contended that attorneys' fees allowed under Art. 2226 are not authorized. Appellee complied with the statutory requirements by presenting his claim to Martin as the statute provided, but appellant says he was also required to present it to the guardian, who qualified after the suit was filed. It is not contended that Martin was incompetent when the demand was made or for more than 30 days thereafter. Liability for reasonable attorneys' fees upon recovery of judgment had already been fixed. Before the guardian qualified, the suit was filed and a default judgment had been rendered against Martin, which the trial court set aside on Martin's motion. Appellant has cited no authority, and we have found none, which would require the additional presentation to the guardian. This point is overruled.

■ Appellant finally complains of an asserted variance between pleading and proof. He says appellee sued for services as an "unlicensed nurse"; whereas, he says the only evidence is for value of services of a "trained and properly licensed nurse." A licensed vocational nurse testified as to charges made by her as being "eleven dollars a day and at night we get twelve." However, she testified that the reasonable value of services for a housekeeper, companion, cook and nurse on a twenty-four hour basis was $75 per week. No objection was made to this evidence on the ground of variance as contemplated by Rule 67, Texas Rules of Civil Procedure, and we fail to see that it would have been subject to such objection, if made. The point is overruled. Affirmed.