T. J. APPERSON, Appellant,

v.

Walton V. SHOFNER, Appellee.

No. 3941.

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1961.

Rehearing Denied Nov. 22, 1961.

Leonard E. Choate, Beaumont, for appellant.

A. M. Huffman, Beaumont, for appellee.

WILSON, Justice.

Shofner was lessee under a written lease agreement which provided he could not assign or sub-let without his lessor's written consent. He built a golf course on the leased premises, and thereafter assigned the lease to appellant Apperson, retaining a lien on the leasehold estate and personal property on the golf course to secure payment of rents due under the original lease. Upon Apperson's failure to pay rents, Shofner instituted this action to foreclose the lien.

Apperson's defense was that since Shofner, the lessee failed to obtain his lessor's written consent to the assignment, there was a failure of consideration. He alleged that the original lessor had previously advised Shofner of refusal to consent to the assignment, and Shofner's representation that he would assign the lease to Apperson was false and fraudulent, since the assignment could not be made without lessor's consent. He prayed for rescission, and by cross-action prayed for damages for breach of Shofner's express warranty against outstanding interests, asserting that since the lessor would not consent in writing to the assignment, his rights thereunder were worthless.

■ The trial court withdrew the case from the jury at the conclusion of the evidence, concluded there was no issue for the jury and rendered judgment for debt and foreclosure of lien in favor of Shofner. By sixteen points Apperson contends he raised ultimate fact issues relating to his pleaded defenses and cross-action and the case should have gone to the jury. All of these points, however, present but a single law question under undisputed facts: is Apperson entitled to avoid the lease by virtue of the covenant against assignment without lessor's written consent? We think the trial court's action was correct and affirm the judgment.

■ The provision in the lease prohibiting assignment by the lessee without lessor's written consent was for the lessor's benefit, and lessor could waive it. In the absence of interference with his possession, Apperson "has no right to complain." Ogus, etc. v. Foley Bros. Dry Goods Co., Tex.Com.App., 252 S.W. 1048, 1053; Jackson v. Knight, Tex.Civ.App., 194 S.W. 844, 846, writ ref.; Nelson v. Seidel, Tex.Civ. App., 328 S.W.2d 805, 807, writ ref. n. r. e.; Ewing v. Moran, Tex.Civ.App., 166 S..W. 2d 760, 763; Burnett v. Gibbs, Tex.Civ. App., 196 S.W. 725, 726; 27 Tex.Jur. p. 367, 368; and see Francis v. Crowley, Tex. Civ.App., 50 S.W.2d 462, 464, writ ref.; Edwards v. Worthington, Tex.Civ.App., 118 S.W.2d 328, 333.

The undisputed evidence establishes that lessor gave unequivocal oral consent to the assignment before it was executed, agreeing to execute a written consent if it was needed. The lessor, not a party, testified oral approval and consent was given before the transfer to Apperson, and there had never been objection to, or refusal of such consent. When Apperson announced he elected to rescind the contract under which the assignment was made because the consent was not in writing, the lessor executed a formal written consent recognizing the assignment, ratifying and confirming its prior oral agreement.

■ Apperson was familiar with the terms of the lease, entered into and continued undisturbed possession of the leased premises for over eight months, operated the golf course and collected the income as his own. He paid to the original lessor one monthly installment of rent, which was re-

ceived and accepted. He gave a check for a similar payment to lessor the following month, which lessor deposited. The check was "bad", and appellant thereupon paid lessor a smaller amount. At this time, Apperson testified, he requested lessor to give him additional time to pay the balance of the rent due; and lessor declined on the ground it did not desire to release Shofner from primary liability to pay rent, and feared an extension agreement with Apperson might have this effect. Under these facts the lessor effectively waived any right it had to insist on a written consent to assignment or to declare a forfeiture as urged by the defenses and cross-action of appellant. Gulf C. & S. F. Ry. Co. v. Settegast, 79 Tex. 256, 15 S.W. 228, 230; Jackson v. Knight, Tex.Civ.App., 194 S.W. 844, 846, writ ref.; Marshall v. Smith, Tex.Civ.App., 199 S.W.2d 555, 557; Edwards v. Worthington, Tex.Civ.App., 118 S.W.2d 328, 333; Stoma v. Filgo, Tex.Civ.App., 26 S.W.2d 1100, 1102; Barton v. Flanagan, Tex.Civ. App., 25 S.W.2d 947, 949, writ dism.; Fred v. Moseley, Tex.Civ.App., 146 S.W. 343, 344; 27 Tex.Jur. Sec. 220, p. 370. Such has also been the consistent holding under Art. 5237, Vernon's Ann.Civ.Stat.

Appellant says a provision in the lease agreement that it "shall not be amended, changed or extended except by written instrument signed" by lessor and lessee precluded oral consent to the assignment, waiver or ratification. Justice Stayton said in Morrison v. Ins. Co. of North America, 69 Tex. 353, 6 S.W. 605, 609, "The answer is manifest. A written bargain is of no higher legal degree than a parol one. Either may vary or discharge the other; and there can be no more force in an agreement in writing nòt to agree by parol than in a parol agreement not to agree in writing." See Groce v. P. B. Yates Mach. Co., Tex. Com.App., 288 S.W. 161, 162; 10–A Tex. Jur. p. 439.

Appellant says the oral consent to the written assignment is within the Statute of Frauds, not pleaded. If appellant could invoke the statute, lessor's consent to assignment is not a contract for the lease of real estate contemplated by Art. 3995, Sec. 4, Vernon's Ann.Civ.Tex.Stats., even though the assignment itself may be such.

 The claimed breach of warranty was not available. Appellant's possession had not been disturbed; there was no eviction, constructive or in pais; no paramount right was asserted or threatened against him when he sought to rescind on his claimed ground there was such right outstanding. Schneider v. Lipscomb County Nat. Farm Loan Ass'n, 146 Tex. 66, 202 S.W.2d 832, 834, 835, 172 A.L.R. 1.

Appellant's other points briefed have been considered and are overruled. Affirmed.