Albert E. CASTO, Appellant,

v.

Betty JOHNSON, Appellee.

No. 4375.

Court of Civil Appeals of Texas.

Waco.

July 1, 1965.

Rehearing Denied July 22, 1965.

Bradley & Green, F. B. Kimbell, James L. Bradley, Groesbeck, for appellant.

Carl Cannon, Joe Cannon, Groesbeck, for appellee.

WILSON, Justice.

Appellee's petition in this divorce case alleged that a house and lot leased by husband and wife for 99 years was community property and was the homestead of the spouses, and prayed that the husband's attempted sale and transfer thereof without the appellee wife's joinder in contravention of Art. 4618, Vernon's Ann.Civ.St. be declared void. The purchaser-assignee, Casto, was joined as a party. The judgment decreed a divorce, adjudicated custody of children and provided for their support. No attack is made on this portion of the judgment, which we sever and affirm. The court found the property in question was the homestead of the spouses at the time of the attempted transfer of the lease, declared the transfer to be void and set aside the property for the use of the wife so long as she lived and did not remarry. Only the transferee, Casto, appeals. We reverse this severed portion of the judgment and remand.

Nine of appellant's 14 points attack the trial court's determination of the homestead nature of the property.

Appellee and her husband leased a lake site from a municipal water supply district for 99 years, and built a house on it, which

they occupied with their children as their home. After the spouses separated rental payments became delinquent. There is evidence as follows: The husband then began negotiations for sale of the lease to appellant Casto, but appellee refused to agree to the sale. The husband took the children to Houston, where he worked, living in a rented apartment, taking their car and truck, and leaving her without transportation. Appellee thereupon moved to Mexia, eleven miles from the lake home, where she got a job and lived in a hotel for six or eight weeks, leaving most of her clothes and the furnishings in the lake home. Thereafter she rented an apartment for three months. The husband then moved from Houston to Coolidge where he lived for five or six weeks in a rented house. He then returned the children to appellee, stating he was unable to keep them, and taking appellee and the children to the Coolidge rent house, where he moved first to his mother's home and then to Waco. Appellee testified that at all times the lake property "was my home." There is no evidence of probative force that any other homestead was acquired.

After these events the husband wrote the water supply district that he had "assigned all of my right, title and interest in and to" the lease to Casto. Casto, after consulting an attorney, signed the latter notice, "accepted", paying approximately $800 consideration. The manager of the district testified the husband did "surrender" the lease. The district practice was that where an existing lease was recorded, a new lease agreement was executed upon transfer. The district and Casto executed a new lease agreement on the district's standard form.

■ Appellant contends the evidence establishes the husband "surrendered" the lease for default in rental payments, that husband and wife abandoned their homestead and acquired a new one, that the husband designated another homestead, that appellee acquiesced in the sale of the lease, and accepted benefits from the sale so as to be estopped to assert homestead rights. The evidence establishes none of these contentions conclusively, and it is adequate to support the express and implied findings of the trial court concerning appellee's homestead rights.

■ Appellant himself presents a point asserting the transfer and assignment of the lease was void because the lease was not assignable under Art. 5237, V.A.C.S., which prohibits such assignments without lessor's consent. Appellant's position is not clear, but he says the district thereby had the right and authority to cancel the lease. Whatever is his position or the effect of the point, the statutory provision is for lessor's benefit. Francis v. Crowley, Tex. Civ.App., 50 S.W.2d 462, writ ref.; Nelson v. Seidel, Tex.Civ.App., 328 S.W.2d 805, writ ref. n. r. e.; Apperson v. Shofner, Tex. Civ.App., 351 S.W.2d 367 and cases cited. The point is overruled.

■ It is urged that the wife could not bring an action against appellant to have the transfer declared void without the joinder of the husband in that action as a necessary party. No plea of non-joinder was presented to or acted on by the court. The complaint does not present fundamental error, Tex-Jersey Oil Corporation v. Beck, 157 Tex. 541, 305 S.W.2d 162, 165, 68 A.L.R.2d 1062; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; and may not be first raised on appeal. Rule 93(e), Texas Rules of Civil Procedure; Graves v. Trevino, Tex.Civ.App., 386 S.W.2d 831, writ ref. n. r. e.; Boykins v. Parr, Tex.Civ.App., 327 S.W.2d 463, writ ref. n. r. e.; Schafer v. Stevens, Tex.Civ.App., 352 S.W.2d 471. We therefore do not reach this point.

■ Appellant did present and properly preserve complaint, however, of the overruling of his plea of non-joinder of the water supply district which owned the fee and was lessor under the two leases. It is the general rule that all persons whose rights, interests or relations with the sub-

**594**

ject matter of the suit will be affected by the judgment are necessary parties to a suit to cancel a written instrument. Sharpe v. Landowners Oil Association, 127 Tex. 147, 92 S.W.2d 435, 436.

 Generally, also, the corporation which made the written instrument assigned is not a necessary party to the action to cancel the assignment. 12 C.J.S. Cancellation of Instruments § 54(b) (5), p. 1035. See J. L. Brooks Undertaking Company v. West, Tex.Civ.App., 67 S.W.2d 1066, syl. 6.

 Here, however, the district is in the position of having executed a new lease on the strength of a purported assignment of the old which has now been declared void; and it is lessor in a lease contract with a new lessee whose rights under the new lease have not been vitiated except by possible implication, and whose relationship with the water district is in a state of doubt. The status of neither appellant nor the district between themselves is known, and there has been no opportunity to ascertain their rights and liabilities. In our opinion this plea of non-joinder of the district should have been sustained.

Appellant's points concerning denial of recovery for improvements and consideration paid to the husband are overruled. The trial court was obviously confronted by difficulty in trying and determining the issues in this case under the state of the pleadings of both parties. On another trial we assume this difficulty will be eliminated by complete repleader. Appellant's pleading prayed for recovery of a personal judgment only as against the wife, appellee.

The divorce proceeding is severed from the remainder of the action concerning the realty in question and the lease thereon, and the decree of divorce is in all respects affirmed. That portion of the judgment concerning the realty in question and the lease (the fourth, fifth and sixth gram-

matical paragraphs of the judgment) is reversed, and such severed portion of the cause is remanded. Costs on appeal are taxed against appellee. The judgment as to trial court costs is affirmed.