**Thomas Dee HOLMES, Appellant,**

v.

**Beverly Sue HOLMES, Appellee.**

**No. 4862.**

Court of Civil Appeals of Texas.

Waco.

Nov. 6, 1969.

Rehearing Denied Nov. 26, 1969.

Jimmy F. Y. Lee, Houston, for appellant.

Mac L. Bennett, Jr., Normangee, for appellee.

OPINION

WILSON, Justice.

The issue before us in this divorce case is whether the realty involved was community property of the spouses so as to subject it to property division under the provisions of Art. 4638, Vernon's Ann.Civ. St. The judgment vested fee simple title in the wife to an undivided one-fourth of this land, with a life estate in another one-fourth. No complaint is made as to the life estate or the granting of the divorce.

The mother and father of appellant husband executed a joint will in 1965. The land in question was their community property. The will provided that the survivor

"shall with the rights and authority below given, have all estate of every description, real, personal or mixed, which either of us may own, to be used, occupied and enjoyed by such survivor as such survivor shall desire but only for the life of such survivor. Upon the death of such survivor such estate remaining shall pass to and vest in our son, Thomas Dee Holmes, in fee simple and without remainder to anyone".

The will was not revoked. After the death of appellant husband's mother, it was probated as a muniment of title on application of the survivor, appellant's father. During the marriage of appellant and appellee, and after his wife's death, appellant's father executed a deed purporting to convey to appellant the fee simple title to the land in controversy. The conveyance preceded probate of the will.

It is appellant's position that the only title his father had to convey to him was a life estate, and this life estate was all that passed by his father's deed. Appellee relies on the statutory presumption of Art. 4619, V.A.C.S., that property acquired by appellant during coverture is community of herself and appellant. She apparently contends the will was not contractual.

■ The joint will executed by the mother and father of appellant shows on its face to be mutual and contractual. Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588, 593; Dougherty v. Humphrey (Tex.Sup. 1968), 424 S.W.2d 617, 621. The rights of appellant's father were fixed by the terms of that will, which he probated, upon the death of appellant's mother. The will gave no express power to the survivor to convey the fee; it empowered appellant's father only to use, occupy and enjoy the property. This created and vested in the survivor a life estate. Medlin v. Medlin, Tex.Civ. App., 203 S.W.2d 635, 639, writ ref.; Ellis v. Bruce, Tex.Civ.App., 286 S.W.2d 645, 649, writ ref. n. r. e.; Wagnon v. Wagnon, Tex.Civ.App., 16 S.W.2d 366, 367, 369, writ ref.; Lockett v. Wood, Tex.Civ.App., 84 S.W.2d 798; Hobson v. Shelton, Tex.Civ. App., 302 S.W.2d 268, writ ref. n. r. e.; 37 Tex.Jur.2d Life Estates, etc., Sec. 5, p. 9.

■ Since the power of alienation existing in appellant's father was limited to a life estate in an undivided one-half of the land, that is what passed by his deed to appellant. The life estate in this one-half interest was community property, and the court was authorized to declare vested in appellee, as was done, a life estate in an undivided one-fourth in making the statutory property division in the divorce proceedings. The court was not authorized to divest appellant of any interest in the fee, which was his separate property. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722.

■ Appellee urges that the court had no power to determine title to the land or construe the will because appellant's father was not joined as a party. Appellee herself expressly prayed that the interests of the parties in the land be determined, and she did not seek to abate the action or object in the trial court to nonjoinder of appellant's father.

The court was authorized to ascertain and declare the respective rights of the spouses in the property in order to carry out the mandate of Art. 4638. Appellee may not complain for the first time on appeal of nonjoinder. Rule 93(e), Texas Rules of Civil Procedure; Casto v. Johnson, Tex. Civ.App., 392 S.W.2d 591, writ ref. n. r. e.; City of San Antonio v. Kinder, Tex.Civ. App., 333 S.W.2d 479.

That portion of the judgment decreeing that appellee owns an undivided one-fourth fee simple interest in the realty is reversed and vacated. Judgment is here rendered that appellee take no fee interest in the land described in the trial court's judgment. The decree of divorce is affirmed. The foregoing portions of the cause are severed. The remainder of the judgment is reversed and the remainder of the cause is remanded for purposes of property division. Costs are adjudged against appellee.