Fred **VICKREY** et al., Appellants,

v.

Alleene **GILMORE**, Appellee.

No. 5740.

Court of Civil Appeals of Texas, Waco.

July 14, 1977.

Wade Hutto, Naman, Howell, Smith, Lee & Muldrow, Waco, Floyd Wilson, Cureton & Wilson, Meridian, for appellants.

William J. Hix, Gatesville, for appellee.

## OPINION

JAMES, Justice.

This is a suit for declaratory judgment to construe a joint will. The trial court granted summary judgment in favor of Plaintiff-Appellee Alleene Gilmore, holding the joint will in question to be mutual and contractual as a matter of law. We affirm.

The purpose of the suit was to construe the joint will of John F. Vickrey and his wife Belle F. Vickrey, dated October 10, 1954, and to determine the legal effect, if any, a codicil executed by Belle F. Vickrey dated July 31, 1971, had upon such will.

As stated, the suit was filed by Plaintiff-Appellee Alleene Gilmore against her sisters and brothers, to wit, Fred Vickrey (individually and as Independent Executor of the Estate of Belle F. Vickrey, deceased), Maurine Peterson, J. M. (Buster) Vickrey, Mrs. Claudine Armstrong, Mrs. Corinne Johnson, and Weldon Vickrey. Plaintiff and Defendants are all of the children of John F. and Belle F. Vickrey, both deceased. The trial court rendered a summary judgment for Plaintiff-Appellee Alleene Gilmore, holding in effect that the terms of the joint will of John F. and Belle F. Vickrey established as a matter of law that said will was mutual and contractual, and that the death of John F. Vickrey on April 4, 1971, put effective revocation by testamentary disposition beyond the legal right and power of the survivor, Belle F. Vickrey; and that, therefore, the codicil in question made by Belle F. Vickrey on July 31, 1971, after John F. Vickrey's death, had no legal effect.

█ Appellants' sole point of error asserts the trial court erred in holding that the 1954 joint will of John F. and Belle F. Vickrey in question was contractual as a matter of law, and in granting summary judgment to Plaintiff based upon such holding. We overrule this contention and affirm the trial court's judgment. Therefore, the only question presented on this appeal is whether or not the terms of the "Joint and Mutual Will" of John F. and Belle F. Vickrey, dated October 10, 1954, establish as a

matter of law that such will is mutual and contractual, and executed in furtherance of a binding contractual arrangement.

The 1954 will in question is headed and denominated at the top thereof "Joint and Mutual Will," and in three separate and distinct places in the body of the will, it is referred to as a "joint and mutual" will. In said will John F. Vickrey and Belle F. Vickrey devised all their property to the survivor of them for life, "with full and complete authority and dominion thereover, including the right to execute leases, oil and gas leases, and all other instruments pertaining thereto without joinder by any other party." The will further provided that upon the death of the survivor, each of their seven children was devised a specific tract of land, with a specific value placed upon each such tract. The will further states: "Taking said valuations as stated herein, we desire to equalize each of same at the figure of $8500.00. To that end we will, devise and bequeath to each of our said children whose specific bequest in the above land is valued at less than that figure sufficient of our remaining estate to equal that figure."

The will devises to Plaintiff-Appellee Alleene Gilmore a specific 320 acre tract of land, valued in the will at $5000.00. Said will devises to Defendant-Appellant Buster Vickrey a 147 acre tract of land, being valued in the will at $8000.00; and another 147 acre tract to Defendant-Appellant Maurine Peterson, valued in the will at $5000.00.

John F. Vickrey died on April 4, 1971, and the joint will was probated as his last will and testament. Following his death, Belle F. Vickrey executed a codicil on July 31, 1971 wherein it is stated:

"It was the purpose of myself and my said husband, now deceased, at the time of the execution of our said joint will, to give to each of our said seven children a tract of land of equal value. We went to great lengths to have the same surveyed and the tracts which we considered of equal value set apart to each of our said children. However, in the intervening years between the time of the executing of said will and the present time, because of changed condi-

tions, I feel that there has been a change in the values in that the pasture lands are now worth approximately the same per acre as cultivated lands, and that by reason of such changed condition, there are certain inequities in said will. I realize that my husband's will has already been probated and his half interest in our said property has fully vested in accordance with the terms thereof. However, for the purpose of equalizing the amount that goes to each child so that we will accomplish the purpose that we set out to do in said original will, I hereby by this codicil amend paragraph No. 5 under paragraph "THIRD" thereof wherein we attempted to bequeath to our daughter, Alleene Gilmore, a tract of 320.2 acres out of the T. J. Callahan Survey in Coryell County, Texas. Since said tract of land is now worth considerably more in dollars and cents than some of the other tracts, and as above stated for the purpose of equalizing the same, I hereby change and modify such bequest and I will to said Alleene Gilmore out of my half interest into said tract of 320.2 acres of land only one-half (½) of my half interest or one-fourth (¼) thereof. I will and bequeath the remaining one-half (½) of my one-half (½) (or one-fourth ¼) to my daughter Maurine Peterson and to my son Buster Vickrey jointly, willing two-thirds (⅔) of same to Maurine Peterson and one-third (⅓) thereof to Buster Vickrey, all in fee simple."

Belle F. Vickrey died on May 6, 1975. After her death, the Joint and Mutual Will of John F. Vickrey and Belle F. Vickrey was again filed for probate as her last will and testament, and attached thereto was the Codicil of Belle F. Vickrey hereinabove referred to. That is to say, on July 10, 1975, Fred Vickrey filed Application to probate said joint will and codicil. Thereafter, Plaintiff-Appellee Alleene Gilmore filed this suit for Declaratory Judgment Ancillary to Probate, asking the court to determine the legal effect that the codicil in question had on the joint will, and prayed that the court find such will was contractual in nature and that Belle F. Vickrey as the survivor of John F. Vickrey, was bound by its terms and that therefore her codicil was of no legal effect.

Plaintiff-Appellee Gilmore thereafter filed a motion for summary judgment, contending that the 1954 joint will was by its terms and on its face a contractual will as a matter of law, and that there was no genuine issue as to any material fact.

Defendant-Appellants Maurine Peterson and J. M. Vickrey filed an answer to the motion for summary judgment and attached thereto the affidavit of Hon. H. J. Cureton, Jr., attorney at law, who stated that he drew up the 1954 will of John F. and Belle F. Vickrey; that he never conferred with Belle F. Vickrey; that he was not present at the execution of said will; that at no time did he ever have any discussion with either Belle F. Vickrey or John F. Vickrey about a mutual contract or agreement between them to make a contractual will; that most of his discussions concerning the will were with Fred Vickrey for his parents; and that the term "joint and mutual" as used in such will was his (Mr. Cureton's) terminology without such terminology being discussed with either of the parties.

The trial court granted summary judgment in favor of Plaintiff-Appellee Gilmore, holding that the terms and recitals in the 1954 joint will established as a matter of law that such will was mutual and contractual, and that the death of John F. Vickrey put effective revocation by testamentary disposition beyond the legal right and power of Belle F. Vickrey as survivor, thereby rendering the codicil of no legal effect.

■ The 1954 joint will of John F. and Belle F. Vickrey shows on its face to be mutual and contractual. The will as a whole sets forth a comprehensive plan for the disposition of the property of the testators and was clearly made in pursuance of a contract between them. See *Harrell v. Hickman* (1948) 147 Tex. 396, 215 S.W.2d 876; *Murphy v. Slaton* (1954) 154 Tex. 35, 273 S.W.2d 588. After John F. Vickrey died, Belle F. Vickrey caused the joint will to be probated and accepted the benefits

under it. The rights of Belle F. Vickrey and all of the seven children-devisees became fixed by the terms of said 1954 will as to any property covered by said will, and it was beyond the power of Belle F. Vickrey to make and execute the codicil in question changing said 1954 joint will. See *Dougherty v. Humphrey* (Tex.1968) 424 S.W.2d 617; *Holmes v. Holmes* (Waco, Tex.Civ. App. 1969) 447 S.W.2d 423, no writ.

Moreover, the 1954 joint will in question recites in its heading that it is a "Joint and Mutual Will," and that term is used three additional times in the instrument. Appellants contend, however, that the supporting affidavit of Hon. H. J. Cureton, Jr. as hereinabove described, raises a material fact issue relative to whether the joint will was contractual in nature, precluding summary judgment. We do not agree. Extrinsic evidence would not be admissible to show an intent contrary to the plain language of the will itself. As our Supreme Court said in *Kirk v. Beard* (1961) 162 Tex. 144, 345 S.W.2d 267 at page 273: " . . . extrinsic evidence may be admitted to explain what the testator wrote as to the disposition of his property where the language used in the will is uncertain or creates an ambiguity, either latent or patent. *The question is not what the testator intended to write but what is the meaning of the words he actually used.*" Also see *Russell v. Adams* (Tex.Com.App. 1927) 299 S.W. 889, opinion approved; *Magids v. American Title Insurance Co.* (Tex.1971) 473 S.W.2d 460 at p. 467.

Appellants rely heavily on *Magids,* supra, and *Reynolds v. Park* (Amarillo, Tex.Civ. App. 1975) 521 S.W.2d 300, N.R.E., as controlling the case at bar. In both *Magids* and *Reynolds* the wills in question were held to be not contractual, and in each case the court distinguished its decision from the rulings cited above. In our opinion, neither *Magids* nor *Reynolds* has any application to the case at bar.

Finding no reversible error, the judgment of the trial court is affirmed.

AFFIRMED.